*HAGAN & AL. vs. BRENT.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

Where it is shown that the Attorney acknowledged the receipt of half the amount of a claim, by receiving a note from the party, payable in bank, and dismisses the suit instituted by him against another of the debtors under this claim for the balance, on the suggestion that the claim is settled, & *the presumption* is, that he has collected the whole debt and is accountable to the plaintiff for it, unless this presumption is destroyed by contrary proof.

The petitioners John Hagan and Thomas Mellon, merchants of New-Orleans, trading under the firm of Hagan and Mellon, claim in their petition of the defendant W. L. Brent,

$1346. 56 with 10 per cent interest from July 1. 1826, until paid.

They alledge that they forwarded to Wm. & J. Moore of Opelousas, a claim against Miles & Vaughan of St. Martin. The Moores handed the claim over to W. L. Brent Esqr. for collection, as an attorney at law who settled it, by taking two notes for $624. 62 each, signed by S. Vaughan, R. Craw and J. Martin, payable the 20th of March and 20 of September 1819, with interest on each at the rate of 10 per cent from their dates until paid. The petitioners charge the defendant with having collected the proceeds of these notes and refusing to pay over, except the sum of $500.

Brent in his answer after a general denial, says he paid over to the plaintiffs all the funds he ever collected on the notes and accounts sued on, except his fee of $124, being 10 per cent on the amount settled by taking new notes.

The testimony of W. Moore shews that the first note of $624 62, was collected by the firm of W. & J. Moore, and credited in their books to the plaintiffs; and that the second note was sent to the plaintiffs in New-Orleans, and by them sent back to Wm. L. Brent, Esq. at St. Martinsville, for collection. He instituted suit in 1820 against J. Martin, one of the joint obligors, and in his petition admits a payment made on the note of $352. 62 by R. Craw, another of the joint obligors: there is also a receipt for this amount endorsed on the note and signed "Wm. L. Brent, for Hagan & Mellon," dated, March 16, 1820. This receipt is alledged to have been crossed out, in the hand writing of Mr. Brent. But the suit was brought by the defendant against Martin for the balance only, after deducting the amount of this receipt, the balance being for his portion, Vaughan being insolvent. Craw, it seems from the evidence, obtained his credit for the payment of the $352. 62, by giving a note for it in bank. At the April term, 1822, the suit against Martin was dismissed as having been settled.

Western District.
September, 1830.

HAGAN & AL.
*vs.*
BRENT.

The District Court charged the defendant with the whole amount of the note put into his hands for collection, and after allowing him some small credits, gave judgment against him for $616. 82, with interest at five per cent, from the 26th of April, 1820, until paid.

Mr. *Bowen* for the plaintiff, argued from the facts of the case, the liability of the defendant for the note put into his hands for collection.

Mr. *Brent,* by brief, in *propria persona,* and Mr. *Simon* contended that it was not shewn by the evidence that the defendant had retained any of the money collected.—That it was not shewn that Craw's note was ever paid, and the dismissal of the suit against Martin did not prove the defendant received the amount of the note sued on.

*Mathew J.* delivered the opinion of the Court.

This suit is prosecuted by the plaintiffs to recover from the defendants a certain sum of money, as having been collected for them by the latter, in his capacity as Attorney at Law, &c.

The claim is made for the sum of $1346. 56—one half of which seems by the evidence to have been paid over by the plaintiffs, who recovered a judgment for the balance in the Court below, from which the defendant appealed.

*Where it is shown that the attorney acknowledged the receipt of half the amount of a claim, by receiving a note from the party payable in bank, and dismisses the suit instituted by him against another of the debtors under this claim for the balance, on the suggestion that the claim is settled, & the presumption is that he had collected the whole debt and is accoun-*

It is shewn by the testimony of the case, that the Attorney after receiving the evidences of the plaintiffs' claim for the whole sum as above stated, transacted in relation thereto so as to take two notes of equal amount for the benefit of his clients, payable at different times.—The proceeds of one of these notes was paid or accounted for to them. The other was placed in the hands of the Attorney for collection, who acknowledged the receipt of half the amount endorsed on its back, as being paid by a note made payable in the bank. He afterwards brought suit for the balance of the original note, which suit, on suggestion of settlement was dismissed at the costs of the defendant. It is true that the record af-

fords no particular proof that the Attorney collected either of these sums. But the facts disclosed by the evidence, raise a strong presumption that he did, which can only be destroyed by contrary proof.

He has not accounted for the note payable in bank, taken by him; nor is there any account rendered of the manner in which the suit was settled, or of the disposition of the money which ought to have been received by the plaintiff's Attorney on said settlement.

The decision of the cause turns on matter of fact, and we are of opinion that there is no error in the judgment of the District Court.

It is therefore ordered, adjudged and decreed that the judgment be affirmed with costs in both Courts.