The opinion of the court was delivered by
Marr, J.
Widow Eoucher, Marquise de Circe, died at Paris, leaving-a last will, duly probated, by which she instituted as her universal legatees, “ conj .lintly,” the children of her four brothers deceased, and in default of children their descendants, in equal portions, in each branch.
“ Entendant, ainsi, leur donner tous hiens, meubles et immeubles, qui dependent de ma succession, tant en Erance, que dans tous autres. pays, et notamment en Louisiane.”
. The clause of the will which occasions this controversy is as fol-1 dws :
“Youlant sauve-garder, autant qu’il peut dópendre de moi, les in~ tóréts de tous mineurs prives de leur pére, qui seraient appelós a recueillir une part de ma succession, je veux qu’il leur soit nomme par justice un administrateur special, sans lequel, jusqu’á leur majorité, il ne pourra étre procede á aucun róglement ni partage de ma succession, et qui aura soul droit de toucher et retirer tous objets valeurs et capitaux, comme tous revenus appartenant aux dits mineurs.”
Mrs. Widow George Burthe, natural tutrix of her minor children,, alleged to be heirs of one eleventh, under this will, took a rule on Arthur Denis, dative executor, to show cause why he should not proceed to a distribution of the large sum of money deposited in bank and susceptible of immediate distribution. •
A few days after this rule was taken, the dative testamentary executor, Arthur Denis, took a rule on Widow Andró Burthe, Widow Emmanuel Burthe, and Widow George Burthe, natural tutrices respectively *1018 ■of their minor children, to show cause why the court should not proceed to appoint a special administrator to these minors, as required by the ■will.
The defendants in this rule plead that the clause of the will in ■question is void, and should be considered as not written :
First. — Because, by the laws of this State, the tutor is alone and ■exclusively entitled to administer the property belonging to his ward, ■to receive all moneys or revenues accruing to him, and to represent him in all legal proceedings ; and that respondents, as the natural tutrices of. •their minor children, can not be deprived of the administration of their ■property by the appointment of any special administrators, who are ■officers unknown to our laws ;
Second. — Because the said disposition creates a trust or fidei com■missuin, which is reprobated by the laws of Louisiana.
They pray the court to decree the nullity of the disposition directing the appointment of special administrators, and, furthermore, to decree that respondents are fully entitled and authorized to represent their minor children, in all the proceedings pertaining to the settlement of this estate, as if said clause had not been written by the testatrix.
On the trial it was agreed that the only issues between the parties were : 1. Whether a special administrator can legally be appointed to ■the minor legatees ; 2. In case the court decides that this can not be done, whether the dative executor may, legally, under the provisions ■of the will, make settlement with and distribution to the universal legatees before the majority of the minor legatees.
The court made absolute the rule of Widow George Burthe, and ■decreed that the executor proceed, at once, to the distribution of the sum of money in his hands, according to law ; and that the rule of the •executor to appoint a special administrator to the minor heirs be dismissed.
The copy of the will in the transcript contains no appointment of ■executor; and from its terms it seems that the testatrix did not contemplate any administration of her succession in Louisiana. The instituted heirs were the children and descendants of her four brothers deceased ; and her intention seems to have been that a special administrator ■should be appointed to the fatherless minors ; and that the major heirs and the administrator would settle and make partition of her succession, •the portions coming to the minor heirs to be controlled and administered by the administrator.
In France, where this will was written, the law permits the testator to appoint an administrator to minor beneficiaries of the will, only where, by the death of either father or mother, they are under tutelage. So tong as father and mother live the father administers the estates of *1019 -their minor children ; but when, by the death of either, the minors are under tutelage, the testator may appoint an administrator of the property bequeathed by him to the minors ; and thus deprive the tutor, whether surviving father or mother, or some other person, of the administration which otherwise would belong to him in virtue of his office. Marcadé, 2,160, No. 152.
There is but little difference in the provisions of the Code Napoleon •and of our Code in respect to minors and their tutorship; and we should be inclined to follow the French jurisprudence and commentators in a •case in which our own Code or jurisprudence is silent. Article 250 of the R. C. C. declares that the tutorship of minor children belongs of right to the surviving father or mother.
The mother may refuse to accept the tutorship; but in that event •she would retain the superintendence of the children, and the care of their education ; and the tutor would be intrusted merely with the administration of their property. R. C. C. 253.
The tutor administers the estate of the minor : he has the care of ¡his person ; and represents him in all civil acts. R. C. C. arts. 336-337.
The mother may refuse the tutorship, or she may forfeit it by second marriage, without having obtained the consent of the family meeting -that she shall retain it; and the father may be excluded or removed from the tutorship for the causes specified in the Code. But where, for any •cause the surviving father or mother is excluded or removed, the law provides for the appointment of a tutor ; and it is always the tutor, and ■no other than the tutor, who administers the estate of the minor, and ■represents him in all civil acts.
Our law knows nothing of a special administrator for the minor; -and the duties of such an administrator would clash with those imposed ;by law upon the tutor. The testatrix did not name a special administrator ; but she required one to be appointed judicially. Her will in this respect conflicts with the plain text of the law of Louisiana. The judges having probate jurisdiction have no power to give the custody of the minor or the administration of his estate to any other than his tutor. 'It is only the surviving father or mother who can by will or public declaration before a notary appoint a tutor; and if the court should attempt in obedience to the will of the testatrix to appoint an administrator, that administrator would be clothed with all the powers of the tutor with respect to the estates of the minors, during their minority; that is, he would be intrusted with part of the functions of a tutor, while the real tutor would be charged with the remainder of the duties and functions of that office. Perhaps the testatrix was advised that the law of Louisiana, which is like that of France in this respect, would not permit her to appoint a testamentary tutor ; and that the estates of *1020 minors must be administered under the control and supervision of the Court of Probates. Be this as it may, our law gives no power or authority to the Probate Court to appoint any other administrator of the estates of minors than the tutor, who becomes an officer of the court, and is subject to the orders and control of the court in his administration. If the father or mother be living and competent, the court can not refuse to recognize and confirm such father or mother as natural tutor or tutrix, because the tutorship devolves upon them of right; and the court has no power to separate the administration of the property, to deprive the tutor of it, and to intrust it to a special administrator, or any other person or officer whomsoever.
In Clague vs. Clague, 13 La., 1, the will required the executors to continue their administration until the majority of the children, heirs of the testator, and to retain the funds of the estate until that period, for-their benefit. The widow, natural tutrix, demanded to be put in possession, and called upon the executors to account and pay over to her whatever balance might remain in their hands. This court decided that the disposition requiring the executors to retain the property in their hands until the majority of the heirs was a fidei commissum, and was forbidden by the Civil Code, article 1507, R. C. C. 1520. See, also, Hoggatt’s case, 10 A. 169.
It is obvious that the testatrix, in this case, when she used the terms “ réglement et partition de ma succession,” had in view only the separation of the portions falling to the major heirs from those of the minors; and that her intention was that the special administrator should retain the custody of the portions of the minors, and administer during their minority. This was a trust; and it does not differ, in any respect., from the disposition in Clague’s will, except that the persons charged with the trust in Clague’s will were the testamentary, executors; while in this will the person so charged is the special administrator. That the testatrix intended that he should retain in his hands and administer the entire portions falling to the minors, is manifest from the whole context, and is placed beyond question by the last clause :
“ Les revenus de la part de chaqué mineur serviront á son education et & ses besoihs personnels.”
It will be observed that the Code Napoleon, article 896, which corresponds in all other respects with articles 1507 of the C. C., 1520 of the R. C. C., prohibits substitutions only, while our Code prohibits fidei commissa, also. If, as this court decided in Clague’s case, the charge imposed upon the executors was a fidei commissum, the fact that fidei commissa are not forbidden by the law of France, when they are not also substitutions, enables us to understand why it is that under the-law of France a testator may deprive the tutor of the administration of *1021 property bequeathed to a minor during his minority, while such a disposition would not be tolerated under our law.
We incline to the opinion that the clause in the will oí the Marquise •de Circe in question falls within the prohibition of article 1520 of the R. •O. 0.; but, whether this be true or not, the condition that a special administrator shall be appointed for the minor heirs is illegal, and, in that sense, impossible, and it is to be considered as nothavingbeen written ; that is, as not forming any part of the will. The legal title to all ■that the testatrix owned passed to and was invested in the universal legatees, and it must be administered in accordance with the law of Louisiana; that is, those portions which fall to the minors must be delivered to the only legal representatives recognized by our law, their mothers, natural tutrices, having the custody of their persons and the care of their education, and charged by law with the administration of their ■estates.
The judgment appealed from is affirmed with costs.