IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

### EASTERN DISTRICT.
### NEW-ORLEANS, DECEMBER, 1838.

---

CLAGUE'S WIDOW *vs.* CLAGUE'S EXECUTORS.[*]

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

An additional sum for the fee of the attorney of an estate, will not be allowed, when there is no evidence of the nature and value of the services for which this fee is claimed. It is not sufficient to urge that the sum claimed is a moderate fee.

Where the executors refused to deliver up the estate of the testator to the widow, as natural tutrix of the minor children and heirs, on account of the danger which they and the testator apprehended of the waste and dilapidation she might occasion the estate: *Held*, that in case of any real danger, the only legal way to avert it, is by provoking the removal or destitution of the tutrix.

The widow as tutrix of her children, who are forced heirs of the testator, can at any time take the *seizin* from the testamentary executors on offering them a sufficient sum to pay the moveable legacies.

<div style="float:right">

EASTERN DIST.
*December*, 1838.

---

CLAGUE'S WID'W
*vs.*
CLAGUE'S EX'R.

| 13L | 1 |
| 45 | 966 |
| --- | --- |
| 13L | 1 |
| 48 | 163 |
| 48 | 181 |
| 49 | 1182 |

</div>

---

.[*] The opinion of the court in this case was read at the May Term, 1838, but was suspended by an application for a re-hearing until this term.

1       

EASTERN DIST.
December, 1838.

CLAGUE'S WID'W
vs.
CLAGUE'S EX'RS.

A disposition by will, in which the property of the estate is to *remain in the hands of the executors*, until the testator's children or heirs arrive at the age of majority, cannot be distinguished from one that would authorize the executors to keep and preserve it for, and return the estate to them, which is a *fidei commissum*, or trust, and is forbidden by law.

The testator has not the power to extend the period of the executorship to more than one year, nor to direct that the estate should remain in the hands of the executors afterwards, or that they should keep and preserve it for another or others, when there are forced heirs who are present.

The plaintiff, Marie Delphine Justin Laroche, widow of the late Richard Clague, and natural tutrix of the minor children, Richard, Edward and Charles Clague, instituted suit in the Court of Probates against J. & L. Garnier and Thomas Barrett, Esqs., executors of the last will and testament of Richard Clague, deceased, demanding of them to be put in possession of the whole amount of the inventory of the estate of her deceased husband, after deducting the legal fees and charges attending the settlement thereof. She prays that the executors be ordered to render an account of their administration, and required to pay over whatever balance may remain in their hands, after payment of all the legal charges.

The defendants denied the right of the plaintiff to demand possession of the estate, for the following reasons :

1. That by the will the executors were required to act as such, until the majority of all three of the minor children, and to retain the funds of the estate until that period for their benefit.

2. That they are authorized to invest the proceeds of said estate in the most advantageous manner for the benefit of said minors, and in fact, to act as their guardians and curators until they arrive at the age of majority. That these legacies having been made conditionally, the conditions cannot be violated by the tutrix of the minors, requiring the entire estate to be delivered into her hands, when it was clearly the interest of the testator to keep it from her; and that it was made their duty, and they were about to invest the proceeds of the estate in real estate producing a revenue.

3. The plaintiff cannot claim any of the property in the inventory as her share of the community, which was dissolved by a judgment of separation from bed and board, pronounced in 1830, between her and her late husband, and she tacitly renounced all her right thereto by not claiming any part thereof within three months afterwards.    They pray that her demand be rejected.

EASTERN DIST.
December, 1838.

CLAGUE'S WID'W
vs.
CLAGUE'S EX'RS.

Upon these pleadings and issues the probate judge decided that, the wife, being the survivor of her late husband, became natural tutrix of her minor children, and is thereby entitled to the administration of their property.    The executors were ordered to account within ten days to the plaintiff.

The executors prayed an appeal from this order or judgment, which was refused by the judge ; he being of opinion that an appeal did not lie.

They then rendered an account showing a balance of thirty-six thousand seven hundred and sixty-nine dollars fifty-six cents in their hands, and prayed the court that it remain in their possession according to the terms of the will, and that their account be homologated.

The plaintiff made opposition to an item of one thousand dollars in the account allowed the counsel for the executors, as a fee for his services, on the ground that it was too high, and not warranted by law for the service rendered.    She prays that it be reduced to five hundred dollars, and that the executors be ordered to pay over to her the balance in their hands.

On hearing the parties, the judge of probates decreed that the fee of the counsel for the executors be reduced to the sum of five hundred dollars, there being no evidence that the services rendered are worth more ; and that the sum remaining in the hands of the executors be carried to the account of the plaintiff, as tutrix of the minor children and forced heirs of Richard Clague, deceased.    The executors appealed.

*Canon*, for the plaintiff and appellee, insisted that the fee of the attorney of the estate was properly reduced to the sum

EASTERN DIST.
December, 1838.

CLAGUE'S WID'W
vs.
CLAGUE'S EX'RS.

of five hundred dollars. They are not warranted by law or any evidence in the case for a larger sum. At the end of the year the executors being *functi officiis*, had no further right to employ counsel at the expense of the estate.

2. On the dissolution of the marriage by the death of either party, the tutorship of the minor children belongs to the survivor. The testator cannot by will appoint other persons as tutors under the fictitious names of testamentary executors, and enable them to retain the property of the minors under their control for twelve or thirteen years, without even giving security or paying interest. Louisiana Code, 268. Article 1664 gives to the heirs the *seizin* of all their estate through their tutrix.

*L. Janin*, for the appellants.

The fee of the counsel to the estate was properly charged. The plaintiff's counsel mistakes the nature of this charge and the ground upon which it was made. The executors being called on to render an account, put down the counsel's fee for services already rendered and which were to be hereafter rendered in the general business of the estate, and in the present suit, until the final liquidation of the estate. In making up their account, the executors could not reserve this charge until all these services had been rendered.

2. The executors were bound to execute the will as long as it continues in force; and even if it shall be set aside, it being an act of the testator, the estate must pay the expenses incurred by the executors in their administration under the will. *Sterlin's Heirs* vs. *Gros*, 5 *Louisiana Reports*, 107.

Evidence of the *nature and extent* (not of the value) of the services rendered by the counsel for the estate, has been produced, and shows the extensive legal business that has been performed by him. It consists in the proceedings in the estate had in the Court of Probates, and also in this suit, which are all before the court and speak for themselves; besides this, he had many consultations with the executors, and particularly one of them, at various times, about the

estate; and likewise drew up a' memorial to the United States government in relation to property of the estate in France, and gave advice concerning the administration of it, &c.

4. The grounds relied on for sustaining the will of the deceased, Richard Clague, and carrying into effect its dispositions and provisions, are stated in the answer to the plaintiff's demand, and need not be here recapitulated.

*Martin, J.*, delivered the opinion of the court.

The plaintiff, in her own right and as tutrix of her minor children, claims from the executors of her husband an account of their executorship, and a delivery of the estate into her hands.

The defendants answered, that the plaintiff is not entitled to any part of the estate in her own right, because a separation of bed and board took place between the plaintiff and her husband, some time previous to his death; and that she is not entitled to any part of the estate in the right of her children, because the testator made his universal legatees, and appointed the defendants his executors, and directed that their executorship should continue until the said children became of age, and appointed the defendants tutors and curators of the said children, and required them to invest the net proceeds of his estate for their benefit, in productive real estate.

The executors filed their account, showing a balance of thirty-six thousand seven hundred and sixty-nine dollars and fifty-six cents in their hands.

The plaintiff objected to an item of one thousand dollars, charged as a fee paid to the attorney of the estate, of which she complains as extravagant; and it was, on her motion, reduced to five hundred dollars. The balance of the account was ordered *to be carried to the credit of the plaintiff, as tutrix of her minor children;* the account, thus amended, was ordered to be homologated. The defendants appealed.

It has been contended in this court that the fee of the attorney was moderate, and ought not to have been reduced.

An additional sum for the fee of the attorney of an estate, will not be allowed when there is no evidence of the nature and value of the services for which this fee is claimed. It is not sufficient to urge that the sum claimed is a moderate fee.

Where the executors refused to deliver up the estate of the testator to the widow, as natural tutrix of the minor children and heirs, on account of the danger which they and the testator apprehended of the waste and dilapidation she might occasion the estate: *Held*, that in case of any real danger, the only legal means to avert it, was by provoking the removal or destitution of the tutrix.

The widow as tutrix of her children, who are forced heirs of the testator, can at any time take the *seizin* from the testamentary executors, on offering them a sufficient sum to pay the moveable legacies.

It appears that the executors paid him five hundred dollars only; and that his claim for more, though not disallowed, was not paid; the executors, therefore, could not be allowed a credit for more than they had actually paid; and there is no evidence in the record of the nature and value of these services.

One of the executors, who is also the under tutor of the children, in both these capacities has joined his co-defendants in urging the danger which they conceived to exist, and which they suggest their testator apprehended of the waste and dilapidation of his estate by the widow. Of this danger the record does not offer the least proof, and if it does really exist, there are legal means to arrest it, to wit: by provoking the removal or destitution of the tutrix. *Louisiana Code*, 323. The article 1664, authorizes the widow, as tutrix of her children, the forced heirs of the testator, to take at any time the *seizin* from the testamentary executors, on offering them a sufficient sum to pay the moveable legacies. In the present case, the minors have a right, not only to that portion of the estate to which they are forced heirs, but also to all the rest as testamentary heirs; they are, therefore, dispensed from offering to the executors the sum necessary for the payment of that which they claim as testamentary heirs.

The Louisiana Code, article 1507, provides, that "every disposition, by which the donee, the heir or legatee is charged to preserve for, or to return a thing to a third person, is null, even with regard to the donee, the instituted heir, or the legatee."

A disposition by which the property of the estate is *to remain in the hands of the executors,* until the majority of the testator's children, one of whom is under ten years of age, cannot be distinguished from one that would authorize the executors to preserve for, or to return the estate *to them* at the period of the majority of the children and heirs.

Such a disposition is indeed a *fidei commissum* or trust, which the law forbids. *Louisiana Code,* 1507.

The executorship expires at the end of the year, commencing from the moment at which he had the *seizin* of the

estate. See *Louisiana Code, article* 1666. The judge may
continue it if the absent heirs have not appeared, or have not
claimed their rights, on obliging him to give security for the
sum or effects remaining in his hands, *article* 1667 ; but the
testator has not the power to extend the period of the execu-
torship to more than one year, nor to direct that the estate
should remain in the hands of his executors afterwards, nor
that they should preserve it for another or others. If the
will directed him to do so, the disposition is null as we have
said before, in which case, it is as if it was not written, and
the property it embraces vests in the children as forced or
legal heirs, for the portion of the estate of which the testator
had the legal disposal of.

The testator, leaving three children, had a right to dispose
absolutely of one third of his property. He, therefore, had
the right to direct that his executors should invest that third
in stock or productive real estate, for the benefit of his chil-
dren ; and the Court of Probates, in our opinion, erred in
decreeing the payment of the balance in their hands to the
tutrix. The intention of the testator must be fulfilled in
every part of it which does not violate the law, and the exe-
cutors must invest for the children, according to the will,
that portion of the estate which the law left at the absolute
disposal of the testator.

It is, therefore, ordered, adjudged and decreed, that the
judgment of the Court of Probates, be annulled, avoided, and
reversed ; that the plaintiff, in her capacity of tutrix of her's
and the testator's children, recover from the defendants the
sum of twenty-four thousand eight hundred and forty-six
dollars thirty-seven and one-third cents ; and it is ordered
and decreed, that no execution shall issue until after the
expiration of sixty days from the day on which this judg-
ment shall become final, for one-third of the above sum; nor
after that period, if before its expiration the defendants shall
have invested the said third in stock or productive real estate
to the satisfaction of the judge of probates, in the name of
the said children, and deliver the titles or evidence of such

EASTERN DIST.
*December*, 1838.

CLAGUE'S WID'W
*vs.*
CLAGUE'S EX'RS.

A disposition
by will, in
which the pro-
perty of the es-
tate is to *remain
in the hands of
the executors* un-
til the testator's
children or heirs
arrive at the age
of majority, can-
not be distin-
guished from
one that would
authorize the
executors to
keep and pre-
serve it for, and
return the estate
to them ; and is
a *fidei commis-
sum* or trust,
which is forbid-
den by law.

The testator
has not the pow-
er to extend the
period of the ex-
ecutorship to
more than one
year, nor to di-
rect that the es-
tate should re-
main in the
hands of the ex-
ecutors after-
wards, or that
they should keep
and preserve it
for another or
others, when
there are forced
heirs who are
present.

Eastern Dist. investment to their tutrix; costs in both courts to be paid out
December, 1838. of the sum thus recovered.