W. B. Partee, Trustee, &c. *v.* Succession of H. R. W. Hill.—Mrs. Mary R. Lester, Intervenor.

The appointment by will of trustees to receive a sum of money bequeathed by the testator and to pay the interest on it annually to the legatee, will be disregarded if the legatee refuses to acquiesce in the creation of such an agency.

The legatee under such a disposition, is capable of standing in court and directly demanding payment of the legacy.

*Fidei-commissa*, the trusts of the English law, cannot be created in Louisiana and enforced in our courts.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

*L. Hunton*, for plaintiff and appellant.    *C. T. Estlin*, for defendant.    *J. N. Brickell*, for intervenor.

Spofford, J.    The late *James Dick* made the following bequest in his last will:

"I give and bequeath to my niece *Mary R. Todd*, wife of *Sterling H. Lester*, and to her heirs, forty thousand dollars, and appoint as trustees, to invest the same and pay to her after receipts thereof, the interest annually, my friends *James Lea McLane* and *William B. Partee*, or either of them, in case of resignation or death of the other."

By another clause of the will, the legacy was not demandable until seven years had elapsed after the testator's death.

That time having expired, and *McLane*, one of the persons named as "trustees," having resigned or declined to act, *Partee* brought this suit against the representative of *Dick's* succession, for so much of the legacy as he averred to be due to *Mrs. Mary R. Lester*. That lady, assisted by her husband, intervened in the suit, and denied the right of the trustee, *Partee*, to claim the sum bequeathed to her, averring that he had become wholly insolvent, and that the clause of the will appointing him trustee was void by the provisions and policy of our law. She claimed a judgment in her own favor for the fund sued for by *Partee*. Her pretensions were sustained in the lower court, and *Partee* has appealed.

It is clear that the bequest was to *Mary R. Todd*, wife of *Sterling H. Lester*, and her alone. No interest in this legacy was to vest in any one else. If the clause referring to the trustees be considered as mandatory, in other words, as a condition or mode clogging the title of *Mrs. Lester*, then it is void, and must be considered as not written. New titles cannot be invented by testators. Absolute ownership bequeathed to a specific person, cannot be crippled by the appointment of supervisors of a class unknown to our laws, who shall, for the period of their natural lives, keep the owner out of possession against his will, and manage for him what he is capable of managing for himself. *Fidei-commissa*, the trusts of the English law, cannot be created in Louisiana and enforced in our courts.  C. C. 1507, 1506; *Clague's Widow* v. *Clague's Executor*, 13 La. 7; *Harper* v. *Stanborough*, 2 An. 381; *Succession of Franklin*, 7 An. 412.

If the clause concerning the trustees be regarded as advisory merely, it need not be expunged from the will. If the legatee had chosen to avail herself of the testator's recommendation, *Partee* might have sued; for her acquiescence

PARTER
v.
HILL.

would have made him her agent, and he would have derived his powers from her, not from the mere force of the testator's will. We have expressed our views upon this subject in the case of the *Society for Orphan Boys* v. *New Orleans*, 12 An. 63.

But as she repudiates his authority, he is acting against his principal and cannot be heard; the will gave him no such interest in this legacy as would entitle him to demand it against the remonstrance of the party to whom it was bequeathed. She is capable of standing in court, and the judgment in her favor   ʌ  b   ʌ  ʌ  ʌ  ʌ ʌʌ ꜱ ꜱ ꜱ ꜱ ꜱ.

Judgment affirmed.

MERRICK, O. J., took no part in the decision of this cause, not having heard the argument.