### No. 7913.

SUCCESSION OF JNO. A. TURNELL—ON PETITION TO ANNUL CLAUSE IN WILL.

The testator cannot impose charges or conditions on the legitimate portion of the forced heir, and, therefore, cannot order that that portion shall, together with the rest of his estate, remain undivided in the hands of his executors, during a certain number of years.

APPEAL from the Second District Court, parish of Orleans.  *Tissot, J.*

Robert Mott for the Executors and Appellees.

First—Proof is admissible to show the improper character of the tutor

of the minors as a reason for the testator keeping the possession of the property from his control.

Second—The testator has a right to have the whole of his property retained in the hands of his executors, provided the revenues are delivered to his minor heirs.

Third—The same law which confers the légitime on the heirs, provides that the testator can keep the control of the property from the possession of the tutor of the minors.

Spencer & White and J. Timony for Appellants.

First—Where the testator has disposed of the disposable portion, the reserve passes to the forced heir *ab intestato*. Levasseur, Portion Disponible, No. 3-7, inclusive ; Demolombe, v. 19, No. 6-25, especially No. 8, p. 8, No. 15, p. 14, and p. 24 ; Merlin, Question *Verbo* Légitime, p. 19 ; Laurent, vol. 12, pp. 11-14.

Second—The testator cannot encumber the legitimate portion with charges. Code, *De Inofficioso Testamento,* b. 3, tit. 28, chap. 32 ; Laurent, vol. 12, pp. 197, 198 ; Demolombe, vol. 19, pp. 423, 424.

———

The opinion of the Court was delivered by

FENNER, J.  The decedent left, as forced heirs, two sets of grandchildren, who may be designated as the Blakeley children and the Hutchison children.

Each set of children were, under the law, entitled, as a légitime or forced portion, to one-fourth of his estate.  He left a testament, by the terms of which, with the expressed intention of complying with the requirements of the law, he bequeaths to the Hutchison children exactly one-fourth of his estate, and gave the balance thereof to the Blakeley children.  He then directs as follows :

"All of my property shall be kept together, and be administered by my executors for five years after my death, when the same shall be sold, and the proceeds thereof be invested by my executors in U. S. bonds, and as my grandchildren severally arrive at the age of twenty-one years, they shall receive their share.  Until the property be divided in the above proportions among my said grandchildren, the revenues therefrom shall be paid to them half yearly."

The natural tutor of the Hutchison children, who are minors, presents this petition in their behalf, averring, substantially, that they are the forced heirs of the decedent for the one-fourth part of his whole estate, that the decedent could encumber the said légitime with no conditions, that the clauses above quoted from the will are null and void, and praying that they be so declared.

Treating this will, as it has been treated by counsel on both sides in their arguments, as a will conferring upon the petitioning minors no right or advantage whatever over and above their legitimate portion, and considering their present action as a waiver of all other rights and advantages which might, under any possible construction of the will, accrue to them thereunder, we find no difficulty in reaching the conclusion that their demand herein is well founded, and that the conditions imposed in the clauses of the will, so far as they affect the légitime of the petitioners, are, and should be, declared null and void.

It is true the petitioner declares that " he waives no right, and makes no admission as to the validity or legality of any of the other dispositions of said last will and testament," but we regard this as a reservation of the right to contest the validity of such other clauses, and not to claim thereunder advantages additional to the légitime.

We think it clear, on both reason and authority, that where the will bequeaths to the forced heir more than his legitimate portion, the testator may attach to the bequest any lawful conditions, and in such case the forced heir must exercise the option of either accepting the bequest as a whole, with the conditions attached, or of renouncing all testamentary advantage, and claiming his légitime only as secured to him by the law independent of the testament.

See 12 Laurent ; 19 Demolombe, No. 430 et seq.

Such we consider to be the doctrine of the Macias case, 31 A.

But where the testator bequeaths to the forced heir nothing beyond his légitime, the only testamentary function he can exercise in reference thereto is that of designating the distinct part of his estate which shall be assigned to the heir in settlement of his légitime, which part so assigned must be accepted by the heir, reserving his right, in case of its deficiency in value to satisfy his claim, to have the deficiency made up out of the estate. This right of designation, which has been exercised in this case, results from general principles, and is expressly recognized in. our Code. Rev. C. C. 1302.

In the learned discussions submitted orally and on briefs by counsel, neither side has referred to article 1710 of the Rev. Civil Code, which expressly declares "that no charges or conditions can be imposed by the testator on the legitimate portion of forced heirs." This provision was not included in the Code Napoleon, but the commentators on that Code, and the courts of France, upon considerations arising out of the motives, origin and history of the law upon the subject of the *légitime,* had conclusively established and adopted the same doctrine, and had recognized the right of the forced heir as one arising *ab intestato,*

and insusceptible of being controlled, limited or qualified by any disposition of the testator.

12 Laurent, pp. 11-14 ; 148, 197.

19 Demolombe, Nos. 6-25, 429.

8 Laporte Pand. Françaises, p. 336.

Construing Art. 1710 with Art. 1301 of the Rev. Civil Code, it is easy to see that the latter, authorizing the ascendant by his will to delay the partition among his minor children or grandchildren inheriting from him, applies only to cases where they inherit by virtue of his will, where they are the subjects of his voluntary beneficence, and where, therefore, in conferring the benefit he may attach the condition ; but not to a case like the present, where he has only exercised his will-making power for the purpose of depriving them of every interest in his estate of which he could deprive them. Whence does he derive the privilege of imposing conditions upon rights absolute under the law and created by the law even in defiance of his will ?

Upon the argument of counsel for the executors, it might, with equal force, be contended that under article 1300 the testator could impose a like condition of indivision upon the legitimate portion even of a major heir for the term of five years.

The executors set up as special ground for the maintenance of the conditions that it is in the interest of the minors, on account of the unfitness of their natural tutor, to be entrusted with their property.

Such questions cannot be considered here, but must be urged in proceedings for removal or destitution of the tutor.

Clague vs. Clague, 13 La. 6.

The decisions in the succession of Macias, 31 A. 127, and McCalop vs. Stewart, 11 A. 106, only applied Art. 1301 of the Code to a case properly falling under its provisions, as just interpreted by us, and they are of no force as authority here.

The minors, represented by the plaintiff tutor, are entitled to their légitime, not by virtue of the will, but by virtue of the law, and take it free from conditions imposed by the will.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed, and proceeding to render such judgment as should have been rendered by the lower court, it is now ordered, adjudged and decreed that the clauses in the will of John A. Turnell, referred to and quoted in the petition herein filed, he declared null and void, so far as they affect the legitimate portion of the minors represented by Thos. W. Hutchison, natural tutor, and that appellees pay costs of the lower court, and of this appeal.

The Chief Justice recuses himself in this case, having been of counsel.