## No. 8959.

### SUCCESSION OF THERESA BAUMGARDEN.

Heirs of age coming to a succession concurrently with a minor, when there are no money legacies and no debts to be paid, and when no one demands an administration and asks security, are entitled to take the seisin from the executors and be put in possession of their share of the inheritance, conjointly with the minor for whom the law has accepted under benefit of inventory. When they are recognized and put in possession, the executors must render them and the minor an account of their administration within a reasonable time, to be fixed by the court.

The division of a District Court having jurisdiction over the succession of a wife, cannot order the delivery and exclusive possession. to her executors. of a box containing valuables belonging equally to it and to the succession of the husband, whose heirs of age have been, by another division, recognized and put in possession of their share of inheritance in the same.

Heirs of age who have collected. after being judicially recognized, rents belonging to the succession of their mother, will not be ordered to return the same and prohibited from

further collections, although the decree recognizing them was subsequently reversed on appeal, where the court passing upon the proceeding *to return* and *to prohibit*, recog. nizes them and puts them in possession of their share in the same succession.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

___

*W. B. Koontz* and *T. Gilmore & Sons* for the executors, Appellees.

*L. L. Levy* and *J. Ad. Rozier* for the heirs, Appellants.

___

The opinion of the Court was delivered by

BERMUDEZ, C. J. The heirs of age of Theresa Baumgarden appeal from *four* judgments rendered in the *mortuaria*. They say that those judgments are erroneous and operate to their injury.

The judgments are:

1. One which directs the delivery to the executors of their mother, of a tin box containing valuables belonging, in part, to the succession of N. A. Baumgarden, their father, whose heirs they are.

2. A second judgment which orders them to pay over to the executors the rents, etc., collected by them as heirs of their mother, under a decree recognizing them as such, but subsequently reversed.

3. A third judgment forbidding them from collecting such rents in future.

4. A fourth and last judgment, refusing to recognize and put them in possession of their mother's succession.

I.

We think it is preferable to consider first, the questions presented by the last judgment.

It does not seem to be disputed, nor can it be, that the appellants are the three legitimate children of age of Mrs. Baumgarden, the fourth and last child being a minor, represented by one of her executors, as dative tutor.

The judgment appealed from, rendered in the petition of the heirs of age, recognizes them, contradictorily with the executors, as such heirs, but rejects their demand to be put in possession, accordingly, of their mother's succession.

The appellees have not asked an amendment of the first part of the judgment. In that respect, it must, therefore, remain undisturbed.

The appellants contend that they are entitled to be put in possession of their mother's succession, to the extent of their interest therein, concurrently with their minor co-heir.

The executors resist their demand on no definite ground going to the merit and merely pray for judgment in their favor and against the plaintiff.

They do not aver the existence of any money legacies, or of debts, and do not ask that the heirs should advance the funds wherewith to discharge the same.

There being no formal issue on that question, it is possible that, strictly speaking, there may exist no necessity of passing upon the obligation of the heirs to give security, but as, under the tenor of certain articles of the code, it is possible that the question should be passed upon, we deem it is better that it be done.

The record shows that Mrs. Baumgarden left a will, by which she made two legacies of property which were delivered, and that the assets of her succession were inventoried and valued at $36,461. It does not appear that she was indebted, unless possibly for some $600, claimed by one of her executors; but, it is insisted that her estate, including that debt, has, since her death, become involved to the extent of some $8000, as is shown by an *exhibit* found in the transcript.

It makes no difference, as far as the executors are concerned, whether the succession of Mrs. Baumgarden be, or not, indebted. It is a matter which in no way concerns the executors of the deceased. It is of interest to her creditors, if any exist, and to her heirs. No creditor is heard here to oppose the demand of the heirs for possession and no one can be allowed vicariously, in *the absence of any plea* filed for their benefit, to champion their rights. The heirs of age have considered the condition of the succession and have determined, at their risk, that it was to their advantage to accept it unconditionally. They have done so and now ask to be put in possession.

The law, on this subject, is explicit.

"The heirs, says the article of the code, 1671, can, any time, take the seizin from the testamentary executor, on offering him a sum sufficient to pay the movable legacies and on complying with the requirements of Article 1012."

That last named article reads:

"In obtaining possession of the effects of a succession, the heirs shall not be permitted, under any pretense whatsoever, to have an actual delivery of the property of any such succession, which may be in suit, or to receive any money of the succession, where there shall be claims thereon pending in Court, unless they previously give bond with good and sufficient security, if the plaintiffs' in such suits require it, which surety shall be one-fourth over and above," etc.

It does not appear in this case, that there is any property in suit, or money on which there is any claim pending in Court, of which the heirs of age ask to be put in possession; nor does it appear that anyone demands such security.

If it be true, as it is, that heirs cannot be put in possession where security is asked, without giving it, it is equally so, that they can be put in such possession without security, where none is demanded.

So much, therefore, for the question of obligation to furnish security.

The real contention seems to arise touching the right of the three heirs of age to be put in possession of their mother's estate, there being a fourth heir, who is a minor and who cannot accept the succession unconditionally.

The law governing such a case is found in Article 1047, R. C. C., which is to the effect that:

"If there be several heirs to a succession some of whom have accepted unconditionally and others claim the benefit of the term for deliberating, the judge of the place * * * shall cause an inventory to be made * * * and shall appoint an administrator to manage until partition of the same be made among the heirs."

This article refers to heirs of age who have accepted and to those who claim time to deliberate and who may, after deliberation, accept, also, unconditionally.

It has been construed as authorizing the taking of possession jointly by heirs of age concurrently with minors. Soye vs. Price, 30 A., 93; and as justifying an administration *where one of the heirs of age demands one* and there is a minor, for whom the law accepts under benefit of inventory. Blake vs. Minors, Kearney and Lake, 30 A. 389.

It applies more particularly to cases in which there are heirs of age and a minor, where there is no necessity for an administration, where the debts, if any, compared to the bulk of the estate, are of no significance and where the heirs of age, representing three-fourths of the estate, declare themselves to be ready and willing to furnish security.

The Code of Practice, Article 1003, declares that, in such cases, if, from the examination of the testimony produced, the judge discovers that the petitioners are entitled to the succession, he shall put them in possession of it, and shall direct the curator or executor to render an account within a reasonable time, etc.

If such was not the intent and meaning of the article, then heirs of age in successions in which there would be minor co-heirs, and in charge of executors, could never obtain possession of and enjoy their

inheritance, unless by a suit in partition and the deplorable condition revealed by the record in this case, would be one of constant and irrepressible occurrence.

Such was not the object of the law. Heirs of age can own, possess and enjoy their inheritance in common with their minor co-heirs. It is only where they are unwilling any longer thus to own, possess and enjoy the same, that they must sue for and obtain a partition either in kind or by sale.

When the judgment recognizing the heirs of age of N. A. Baumgarden was before us for review, 35 A. 127, we held that they could not dispossess the executors before an inventory had been completed and a tutor qualified to the minor heir and thus avoid an administration, which we thought was necessary, as there were special legacies to be delivered. The inventory having been made, the bequests having been executed, the tutor of the minor having qualified and there being no debts, the functions of the executors are at an end. The prayer of the heirs which was, at the time, premature, can no longer be so considered.

After the heirs of age herein are recognized, there being no necessity for further administration and the law having accepted the succession under benefit of inventory for the minor, (R. C. C. 177), the succession will have been wound up and the executors under the obligation of rendering an account to the heirs of age and to the tutor of the minor.

There is error in the judgment appealed from which, though it recognizes the heirs of age, declines to put them in possession.

## II.

The next judgment, which will be now reviewed, is that which orders the delivery of the tin box and contents to the executors of Mrs. Baumgarden.

That box contains valuables for a large amount, such as vendor's notes for $30,000 in capital, etc., which constitute a large portion of the assets of both the successions of N. A. Baumgarden and of Theresa Baumgarden, his wife.

Those assets once formed part of the property which composed the community between the husband and the wife.

At the death of the former, his heirs on the one hand and his widow on the other, became, instantly, each seized and entitled as owners to one-half of the same. If the ownership by the heirs was subordinate to the rights of the widow over it, as usufructuary for instance, it has been relieved from the same, the usufruct having determined by the death of the usufructuary.

By giving the seizin of her property to the executors appointed by her will, Mrs. Baumgarden had no right to extend it over property not belonging to her succession and the Court was powerless to do so.

It appears that, while the box containing those effects was deposited in bank, subject to the order of the Court, the key of the box was left in the keeping and custody of a representative of the heirs of age. By the judgment rendered, the key was ordered to be delivered to the executors, with the box.

The exclusive possession of the box belonged to neither the executors, nor the heirs of age. It was a possession in common. Its character and extent could not be changed, as was attempted to be done.

The appellees have asked no amendment of the judgment. It must, therefore be reversed in its entirety, leaving matters in the condition in which they stood previous to its rendition.

### III and IV.

The remaining two judgments may well be considered together, as they constitute one judicial act only and are, the one a corrollary of the other.

It appears that the heirs of Mrs. Theresa Baumgarden having had themselves recognized and put in possession of their interest in their mother's succession, by an *ex parte* order, took upon themselves to collect and appropriate to themselves the rents and revenues of the estate in the proportion in which they thought themselves entitled to the same.

This judgment, recognizing them and putting them in possession, having been appealed, was reversed. It was prematurely rendered and had not *been* pronounced contradictorily with the executors. 35 A. 127.

Subsequently, under the assumption that the heirs of age had made those collections without authority and, considering that they had not been again judicially put in possession of their interest in their mother's succession, the executors took proceedings to compel them to return the amounts they collected and to prohibit them from making further collections and there was judgment accordingly.

If it be true, that it was necessary that the heirs should have been legally put in possession, as a condition precedent to the exercise of their right of collection, it is no less true, that when they did so, they had some judicial authority in hand, to justify them and that, although it may be that there are some debts against their mother's estate, they have collected moneys which, in reality, well belong to them.

The heir who purchases at the sale of property belonging to the succession in which he inherits, is authorized to retain the price, until his portion has been definitively fixed. R. C. C. 1343.

Why then, should an heir who has, under apparent judicial authority from the competent court, collected moneys to which he will be ultimately entitled, be condemned now to pay the same over to executors, to be by them returned to him shortly afterwards? We see no reason to justify such an order.

As we held that the heirs of age are entitled to be put in possession of their share in the succession of their mother, and that they will be considered as being in such possession when this judgment shall become final and executory, we do not feel authorized to forbid them from hereafter collecting the rents and revenues of the property composing the assets of the mother's succession. They are already in possession of their share in their father's succession. They will then be in possession of their interest in both estates.

For those reasons:

It is ordered and decreed that the several judgments appealed from, namely: *that* refusing to place the heirs of age in possession of their mother's succession; *that* directing the delivery of the tin box and contents and the key to the executors of Mrs. Baumgarden; *that* ordering the heirs of age to reimburse rents and moneys collected and prohibiting them from further collections, be and the same are hereby reversed.

And, it is now ordered, adjudged and decreed that the petitioners be and they are hereby recognized as the legitimate heirs of their deceased mother, Mrs. Theresa Baumgarden, each to the extent of one undivided fourth thereof and that as such heirs and to that extent, they be and are hereby put in possession thereof.

And, it is further ordered and decreed that the executors of the deceased, Mrs. Theresa Baumgarden, do, in said capacity, render to said heirs and to the minor, Lilly, contradictorily with her undertutor, a true and correct account of their administration of the succession in their charge according to law, within thirty days after the judgment herein rendered shall have become final and executory.

It is further ordered and decreed that the proceedings for the delivery of the box and key and contents of said box to said executors and those to force the return of the moneys collected by the heirs of age and to prohibit them from further collections, be and the same are hereby dismissed, the whole, with costs in both courts.

Rehearing refused.