No. 9029.

## SUCCESSION OF WILL STEVEN.

Testamentary dispositions, by which the testator provides that his estate is to remain under the control and administration of his executor for an indefinite length of time, to be preserved for the persons instituted as legatees by the will, and by which he directs that a part of his estate shall be paid over to the minor children of one of the legatees after

they become of age and marry reputably, show a manifest intention to create a trust estate, which is considered in our jurisprudence as a *fidei commissum*. and are therefore void under the laws of Louisiana.

A PPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

*A. J. Lewis* for the Heirs, Appellees.

*Jas. D. Hill* for the Executors, Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This litigation involves the validity of the will of the deceased, which is attacked by his two sisters, his sole legal heirs, on the ground that it contains substitutions and *fidei commissa* in contravention of the laws of this State.

The will reads as follows:

"NEW ORLEANS, November 30th, 1880.

" I, William Steven, being of sound mind and having a realistic idea of the uncertainty of human life, do hereby make this my last will and testament, viz: I give and bequeath to Richard Michael O'Brien and William Priestley Richardson, jointly, or in the event of the death of either, to the survivor, individually, all real and personal property of which I may die possessed, hereby giving them full and complete seizin and possession of the same (to manage and arrange as they may see fit), but in trust, however, for the use and benefit of my sisters, Mrs. E. P. Armstrong and Miss Jess Steven, as also the children of the former.

" My object is first to preclude the possibility of their suffering for want of necessaries or comforts of life, as far as possible. And second, to guarantee as good an education to the children as may be, but not more than one thousand dollars of principal or interest shall be disbursed in any one year. Each of the children on coming of age, and marrying properly and reputably, shall receive one thousand dollars. I trust that Miss Jess Steven may in future take some interest in the rearing of her sister's children.

" I desire that my executors as above shall pay themselves for their services and they shall make a fair and equitable adjustment of such claims as may be brought against me for medical services and other expenses, connected with my injury or otherwise. I know of none, however, except for medical services and an amount to Mr. John A. Morris. I shall endeavor to leave intelligible memorandums of all business matters, etc.

"My executors are authorized to close up my estate any time and in any way they may deem proper, after ten years shall have elapsed after my death."

"I desire that £5 to £10 per annum shall be remitted to my aunt, Mrs. Janet Steven, in Scotland, as long as she lives.

"I have no forced heirs. Mr. John A. Morris disbursed, I presume, $1200 or more on my account while I was lying ill and disabled in New York. All this is written and signed by me this thirtieth day of November, 1880.      WILL STEVEN."

The defense of the executors is a general denial; and they are appellants from an adverse judgment.

The striking feature of the will is the manifest intention of the testator to establish a trust estate, to be held by the executors and to be preserved by them for other persons, a disposition which has uniformly been treated in our jurisprudence as a *fidei commissum*, and always held as falling under the prohibition contained in article 152 of the Civil Code.

This proposition flows so clearly by the mere reading of the will that it needs no argument in its support. An attempt to demonstrate it by reasoning and legal deductions would involve the proof of a self-evident proposition and would be a useless waste of time. Arnaud vs. Tarbe, 4 La. 506; Clague vs. Clague, 13 La. 6; Rachal vs. Rachal, 1 Rob. 115; Ducloslange vs. Ross, 3 Ann. 432: Succession of Foucher, 30 Ann. 1017; Beaulieu vs. Ternoir, 5 Ann. 480.

In the case of Clague, cited above, this Court said:

"A disposition by which the property of the estate is to remain in the hands of the executors until the majority of the testator's children, one of whom is under ten years of age, cannot be distinguished from one that would authorize the executors to preserve for or to return the estate to them at the period of the majority of the children and heirs." "Such a disposition is indeed a *fidei commissum*, or trust which the law forbids."

In the will now under consideration, the testator contemplates that the estate shall be held in trust at least until the children of one of his sisters shall have become of age and shall marry properly and reputably; thus incorporating a disposition clearly reprobated by the law.

If the necessities of the case required, it could be shown that the will is further obnoxious to our laws because it also contains a substitution; but such an argument would serve no useful purpose, and we pretermit the discussion of that point, which would at most be a cumulative reason for the conclusion which we have reached.

The district judge annulled all the dispositions of the will which were repugnant to our laws, recognized opponents as the legal heirs of the deceased, and ordered that they be put in possession of all the property of the succession. But in so far as the dispositions in favor of his aunt, Miss Janet Steven, are concerned, he did not pass upon the same, and required opponents to furnish a bond, under the provisions of articles 1012 and 1671 of our Code. The heirs complain of that part of the judgment, and urge that it be amended in that particular.

The judge correctly held that, as Miss Janet Steven was not before the court and had not been made a party to the suit for the nullity of the will, he could not legally pass upon her rights under the will. Hence he committed no error in exacting a bond from the heirs as a condition of their obtaining possession of the estate. The motion to amend must therefore be denied.

Judgment affirmed.