## No. 9649.

SUCCESSION OF E. S. POWELL.—W. H. AND S. B. VAN BIBBER VS. H. S. BOSLEY, ADMINISTRATOR.

After a succession has been fully administered, all its debts paid, and nothing remains in the administration except the property, the purposes of the administration are fully accomplished, and the heirs, all and singly, have an absolute right to require it to be terminated and to be put into possession of the estate.

The wishes of some of the co-heirs for a continuance of the administration cannot control or destroy the legal right of the others to terminate it to enter into possession of their own.

A PPEAL from the Tenth District Court, Parish of Red River. Hall, J.

---

*Egan & Pierson* for Plaintiffs and Appellees:

1. The debts of the succession being all paid and the *residium* ascertained, the heir may appear and demand the succession from the administrator. C. P. 1000.
2. This demand of the heir shall be pronounced upon in a summary manner by the judge. C. P. 1002.
3. The cases which are to be decided in a summary manner shall not be set down on the docket of the suit, but are decided on a day fixed for the purpose and in a speedy manner. C. P 756.
4. If the judge finds from the testimony that the petitioners are entitled to the succession, he shall put them in possession of it and shall direct an account within a reasonable time, to be fixed by him. C. P. 1003.
5. Heirs of age can own property and enjoy their inheritance in common with their minor co-heirs. It is only when they are unwilling any longer, thus, to own property and enjoy the same that they must sue for and obtain a petition either in kind or by sale. Succession of Baumgarden, 36 Ann. 50.
6. After the heirs of age are recognized, there being no further necessity for administration, and the law having accepted the succession under benefit of inventory for the minor, the succession will have been wound up and the executor under the obligation of rendering an account to the heir of age and to the tutor of the minor. Ibid.
7. In point of fact, the function of the executor ceased when the debts were paid and the special legacies discharged. Succession of Geddes, 36 Ann. 965.

The legal function of the executor having terminated, and all the purposes of his appointment having been accomplished, nothing more was left for them to do but to surrender the property to the joint owners, leaving them to make all necessary settlements among themselves. Ibid.

*L. B. Watkins* for Defendants and Appellants :

1. Plaintiffs rule defendant administrator to show cause why the heirs should not be put in possession of the property of the estate, and his administration be terminated.

Defendant for answer denies that one of the beneficiary heirs of age, and representing one fourth interest in the successions, has ever claimed possession; and alleges that she now demands a continuance of the administration until a final partition can be effected, in pursuance of plaintiff's partition suit on file.

He further assigns that he, as tutor for the minor heirs of Mary B. Powell, his deceased wife, and who are *ex necessaria legis* beneficiary heirs of W. A. and E. S. Powell, deceased, objects to holding the property in common with the plaintiffs, and demands that the partition be made before the succession is terminated.

He further assigns in answer that W. P. Scarborough has transferred his eighth interest to Payne, Kennedy & Co., and that neither the transferees or Mrs. Reid, an heir to another eighth interest, have ever demanded possession.

Finally, that two heirs, representing two-eighths interest in a succession, cannot terminate a succession and compel the heirs to the remaining three-fourths thereof to accept of and hold the property in common.

In such a case a partition is necessary and must be first made.

Succession of Powell.

2. From a judgment terminating the succession and sending the heirs into possession, the defendant administrator procured an order of suspensive appeal, and therein he was joined by the heirs opposing, who adopted the administrator's answer as their own, and likewise appealed suspensively.

They had this right. C. P. 580, 565. 571; 4 La 567, Hook vs. Richardson.

The cases cited by and relied upon by plaintiffs' counsel were not in point. 32 Ann. 889; 33 Ann. 1321. *Per contra.* 34 Ann. 24; 23 Ann. 369.

3. Whether the defendant administrator has or not an appealable interest, the tutor for the minors and beneficiary heirs and the major beneficiary heirs may appeal. C. P. 671, 1000, 1002. 1003; R. C. C. 1192.

The heirs are not harmonious; they are divided in opinions as to their interest.

4. The plaintiffs abandoned the judgment in their behalf, by afterwards contesting the defendant's bond as administrator and testing the solvency of his securities. That can only be done inside of the succession. R. S. 3698; 28 Ann. 801; R. C. C. 3043.

5. When some of the heirs are majors, accepting unconditionally, and some are minors, necessarily beneficiary, and when there are no debts, these heirs cannot, by agreement, enter into possession and terminate the existence of an estate, when one of the majors demands an administration. 30 Ann. 388, Blake vs. Kearney; R. C. C. 1047, 1048, 1049; 36 Ann. 414. Picou vs. Dusson; 2 R. 24. Self vs. Morris.

6. Minors are beneficiary heirs, though they be at the same time representative heirs. In the instant case, the mother of the minors died before she went into possession of her inheritance, though she died subsequently to her ancestors, W. A. and E. S. Powell.

The mother, as an heir of W. A. and E. S. Powell, at her death, transmitted her interest in their successions to her own heirs, with the right and faculty of accepting or renouncing said successions, although she had not herself accepted same. R. C. C. 944, 894; 23 Ann. 291; R. C. C. 1030.

————

The opinion of the Court was delivered by

FENNER, J. The succession of E. S. Powell was opened in 1871, when H. S. Bosley was duly appointed and qualified as administrator thereof, since which time he has had charge of the succession. All of the debts have been paid long since, and there remains now in his hands the free and unencumbered property of the succession, consisting of real estate and cash on hand.

There are five major and two minor heirs, the latter inheriting by representation of their deceased mother, who was the wife of the administrator, and being under the tutorship of the administrator himself. Such being the situation of affairs, two of the major heirs, desiring to put an end to the administration and to enter into possession of their share of the property, have proceeded summarily against the administrator by rule to show cause why he should not be discharged from the administration and why the heirs should not be put in possession.

The administrator opposed this demand and is joined in this opposition by himself as tutor of the minor heirs and also by one of the major heirs, who object to holding or taking possession of the property in common with the plaintiffs. The remaining heirs have not appeared.

Succession of Powell.

The contention is that part of the heirs cannot require the administration to be terminated and the estate to be turned over to the heirs in opposition to the wish of their co-heirs representing the largest interest therein. If the administration could be divided and continued as to the interest of the consenting heirs, while terminated as to the interest of plaintiffs, effect might be given to the wish of the former.

But the administration is indivisible, and must be continued or terminated as to all; and the question is whether the wishes of the majority can control and destroy the legal rights of the minority.

We consider it perfectly clear that when the succession is wound up and all the debts paid, and only its property remains in the hands of the administrator, the purposes of the legal agency confided to him are accomplished, and it is the absolute right of each and every heir to terminate it and to claim possession of his share of the succession, and he cannot be controlled in the exercise of this right by the adverse wishes of his co-heirs. Otherwise the administration might be prolonged and the heir desirous of entering into possession of his own property might be kept out indefinitely. This can work no legal injury to the other heirs; for if they desire to continue the agency of the administrator in the management of their own Interests, they may do so extra-judicially, and they surely cannot force the continuance of the agency upon their unconsenting co-heir; and if they are unwilling to remain in co-ownership with the latter, the law touching partitions affords them a perfect remedy. We have considered these questions in two recent cases, and we think the principles there laid down sustain the foregoing position. Succession of Baumgarden, 36 Ann. 47; Succession of Geddes, 36 Ann. 964.

The cases cited from 30 Ann. 388, and 4th Robinson, 414, recognizing the right of beneficiary heirs to require an administration before a putting in possession, have no application, because here that right has been enjoyed, an administration has been had and it is completed.

We find nothing in any of the various judicial proceedings referred to by the administrator to estop the plaintiffs in rule from exercising the right to terminate this administration and be put in possession of their property, and see no reason to disturb the judgment appealed from.

Judgment affirmed.