(55 South. 672.)

No. 18,589.

Succession of LE BLANC.

(May 8, 1911. Rehearing Denied June 17, 1911.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS (§§ 7, 130*) MINORS AND THEIR TUTORSHIP — TRUSTS — VALIDITY OF WILL — FIDEI COMMISSUM — SUBSTITUTIONS — ESTOPPEL — POWERS OF EXECUTOR.

The decedent died leaving a wife, from whom he was divorced, and their three minor children, concerning whose custody there was a pending litigation. He also left an estate, and a will which contains a provision to the effect that he appoints certain persons, whom he names, to be the guardians of his children, and his executors; that the children are not to be emancipated; that the property of his estate is not to be turned over to them until they attain majority; and that, in the meantime, the interest therefrom shall be paid to them as the guardians and executors named by him shall see fit. The will having been admitted to probate and, for some time, executed, as written, one of the minors, who became emancipated by marriage, has attacked the provision mentioned, on the ground that it contravenes the law.

*Held:* According to the established jurisprudence of this court, the proposed disposition of property is prohibited by law, in that it is an attempt to establish a fidei commissum; and is unauthorized by law, in that it is an attempt to exercise the power to appoint a tutor, which power is vested by law in the surviving parent; and to affect the administration of executors in matters which are regulated by law.

*Held:* Substitutions and fidei commissa being prohibited, as a rule of public order, cannot be created or maintained by the conventions of individuals or by estoppels or pleas of estoppel.

*Held:* Articles 1300 and 1301, providing that a testator may direct that the property left by him shall be held in indivision for a certain term, and that a father, or other ascendant, may direct that no partition be made among his children or grandchildren until one of them comes of age and demands a partition," does not enlarge the authority which the law confers upon an executor, or authorize him to withhold possession of the property from the heirs; and, when the heirs are put in possession, the executor becomes functus officio.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. §§ 7, 130;* Guardian and Ward, Cent. Dig. §§ 34–39; Dec. Dig. § 11;* Perpetuities, Dec. Dig. § 4.*]

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

In the matter of the Succession of Samuel O. Le Blanc. From a judgment decreeing the nullity of a disposition by the will of decedent's property, an appeal is taken. Affirmed.

Clarence S. Hebert, for appellants. John E. Fleury and Borron & Wilbert, for appellee Mrs. Regina Le Blanc Johnson.

### Statement of the Case.

MONROE, J. Plaintiff, Mrs. Regina Le Blanc Johnson, the daughter emancipated by

marriage, of Samuel O. Le Blanc, deceased, alleges that by his last will, which was admitted to probate December 31, 1908, her father left her one-fourth of his estate, and left the other three-fourths to her two minor brothers; that he appointed B. C. Le Blanc, James E. Dunlap, and W. B. Burkenroad his executors, with seisin; that the executors qualified in October, 1909; that the active mass of the estate was appraised at $88,355.54; that, since then, Mr. Burkenroad has resigned, and his resignation has been accepted; that said will contains no particular legacies; that all the debts of the estate have been paid; that, after the death of petitioner's father, her mother, now Mrs John T. Harvey, qualified as natural tutrix of petitioner and her two minor brothers; and that petitioner was thereafter married, and thereby emancipated. She further alleges that more than a year has elapsed since said executors qualified, and that they (that is to say, B. C. Le Blanc and James E. Dunlap) refuse to deliver to her the portion of said estate to which she is entitled, basing their refusal upon the following provision in the will of her said father, to wit:

"I appoint B. C. Le Blanc, J. E. Dunlap and W. B. Burkenroad their" (the minor children's) "guardians and also my executors, at a salary, each, of $125, total $375, per year. Under no circumstances, are they to be emancipated and the property is not to be turned over to them until they are twenty-one years old. This money, is, under no circumstances, to be turned over to their mother, she having received her $61,000, besides her money of $4,900. * * * The interest to be paid to the children, each, or placed to their credit, for their support, and paid out to them as my administrators and their guardians see fit."

Petitioner further represents that said provision is contrary to law and should be regarded as not written, and that she is entitled to the possession of her portion of her father's estate. Wherefore she prays that Messrs. Le Blanc and Dunlap be cited, individually and as executors, and, after due proceedings, that there be judgment decreeing the nullity of said disposition, recognizing her as a legal and testamentary heir of her father, to the extent of an undivided one-fourth of his estate, and ordering that she be put in possession thereof. Defendants, for answer, affirm the validity of the will, and allege that they have, so far, executed it as written. They further allege that Mrs. Le Blanc was confirmed as natural tutrix of her minor children, and, by agreement, received from defendants a stipulated sum, per month, for their support; that, having forfeited the tutorship by her remarriage, she was appointed dative tutrix of the two boys (plaintiff herein having, at that time, become emancipated by her marriage), upon the advice of a family meeting, which also advised that she be allowed not more than $1,000 a year for the support of each of them; that the agreement mentioned was continued with plaintiff, after her marriage, save that defendants paid over to her the whole of her revenue; and that, having thereby accepted the terms of her father's will, she is now estopped to question its validity; and they pray that said plea be maintained and the will of the decedent be declared valid and binding in all respects.

### Opinion.

The facts alleged in the petition are not really disputed, and those alleged in the answer are immaterial, for: (1) According to the established jurisprudence of this court, the proposed disposition of property which is here attacked is prohibited by law; (2) the matter of the appointment of persons to take charge of minor children and their affairs and of the discharge, by executors, of their duties, are regulated by law, and testamentary dispositions which conflict with the regulations so established are considered not written; (3) that which is prohibited by law cannot be established or maintained by conventions or estoppels between individuals.

The propositions thus stated are supported by many adjudged cases, from the opinions in a few of which we make the following excerpts:

"A disposition by which the property of the estate is to remain *in the hands of the executors* until the majority of the testator's children, one of whom is under the age of 10 years, cannot be distinguished from one that would authorize the executors to preserve for, or return the estate to, them at the period of the majority of the children and heirs. Such disposition is, indeed, a fidei commissum, or trust, which the law forbids." Louisiana Code, art. 1507 (now article 1520). Clague's Widow & Heirs v. Clague's Extr., 13 La. 6.

"The appointment, by will, of trustees to receive a sum of money bequeathed by the testator and to pay the interest annually to the legatee will be disregarded if the legatee refuses to acquiesce in the creation of such an agency. * * * Fidei commissa, the trusts of the English law, cannot be created in Louisiana and enforced in our courts." Partee v. Hill, 12 La. Ann. 767.

"A devise, by which property left to a minor is put in the possession and under the control of a third person until the majority of the minor, involves a fidei commissum which is prohibited by our law." Succession of Foucher, 30 La. Ann. 1017.

Among other cases in which the prohibition, contained in C. C. 1520, against substitutions and fidei commissa, or trusts, has been considered and enforced, are the following, to wit: Harper v. Stanbrough, 2 La. Ann. 377; Ducloslange v. Ross, 3 La. Ann. 432; Heirs of Henderson v. Rost, 5 La. Ann. 441; Succession of Franklin, 7 La. Ann. 395; Perin v. McMicken, 15 La. Ann. 154; Succession of Steven, 36 La. Ann. 754; Succession of Stephens, 45 La. Ann. 962, 13 South. 197; Succession of McCan, 48 La. Ann. 145, 19 South. 220; Succession of Beauregard, 49 La. Ann. 1176, 22 South. 348; Succession of Ward, 110 La. 75, 34 South. 135; Succession of Herber, ante, p. 111, 54 South. 579.

2. "The mother, as natural tutrix of her minor children, is entitled to the seisin of an estate bequeathed to them as universal legatees of their grandfather. The will, under which they derive, appoints another person to the tutorship. The nomination, by the grandfather, in his will, of a tutor to his grandchildren, to the prejudice of the surviving parent, is illegal, and the disposition null and considered not written. C. art. 1506 (now article 1519). The nomination of tutor, by last will, can only be made by the surviving father or mother." Hoggatt, Tutrix, v. Morancy, Extr., 10 La. Ann. 169.

Upon the subject of the right of the heirs to take the seisin from the executor, the Civil Code provides (in part) as follows:

"Art. 1671. The heir can, at any time, take the seisin from the testamentary executor, on offering him a sum sufficient to pay the movable legacies and complying with the requirements of article 1012"—which last-mentioned article requires the heir to give bond, as a condition to obtaining possession of property or money that may be in litigation.

And this court has said:

"It appears to us perfectly clear that the defendant, Richardson, cannot, as executor, keep in his possession and administration the estate of the minor; this is not one of the powers and privileges given by law to testamentary executors, and any clause in a testament which would extend their powers, in their mere capacity of executors, to keeping the funds of a succession in their hands, after they have become functi officio, ought, in our opinion, to be considered not written. Louisiana Code, arts. 1652, 1653, 1659, 1661, 1662, 1663, 1665, and 1666." Percy, Tutor, v. Provan's Extr. et al., 15 La. 73, 74.

"The only condition which the executor, from whom the seisin is claimed, can impose on the heir, is that the latter shall advance a sum sufficient to pay the movable legacies, and none such appear in the present instance to remain unpaid. Creditors, it is true, may claim security for their demands from the heir, previous to his taking possession, but none have appeared and insisted on the right." Succession of Fisk, 3 La. Ann. 707.

"It is no reason for the executor to refuse to put the heirs in possession that the latter have not tendered the amount of the debts, fees, and charges due by the estate. The objection is frivolous. If the creditors make no objection and require no security, the executors have no right to demand any. For the fees and charges, they must provide for them in their account. The consent of the legatees that the heirs be put in possession is a waiver of the tender of the legacies." Succession of Charmbury, 34 La. Ann. 21.

See, also, Succession of Baumgarden, 36 La. Ann. 49; Succession of Powell, 38 La. Ann. 181; Succession of McCan, 48 La. Ann. 163, 19 South. 220; Succession of Beauregard, 49 La. Ann. 1176, 22 South. 348; Succession of Duffy, 50 La. Ann. 795, 24 South. 277.

3. Individuals cannot, by their conventions, derogate from the force of laws made for the preservation of public order or good morals. But, in all cases in which it is not expressly or impliedly prohibited, they can renounce what the law has established in their favor, when the renunciation does not affect the rights of others and is not contrary to the public good. C. C. art. 11.

Substitution and fidei commissa are, however, prohibited as a rule of public order, and, if individuals cannot create them by their conventions, still less can they do so by estoppels or pleas of estoppel. In the instant case, the plaintiff could not have estopped herself if she had made the attempt; but, as a matter of fact, she did nothing which could have estopped her even if the case had been one in which an estoppel could have arisen.

4. The learned counsel for the executors invoke C. C. 1300, which reads:

"But the donor or testator can order that the effects given or bequeathed by him, be not divided for a certain time or until the happening of a certain condition. But if the time fixed exceed five years, or if the condition do not happen within that term, from the day of the donation or of the opening of the succession, the judge, at the expiration of this term of five years, may order the partition, if it be proved to him that the coheirs cannot agree among themselves, or differ as to the administration of the common effects."

The article which follows reads:

"Art. 1301. If the father or other ascendant orders by his will that no partition shall be made among his minor children or minor grandchildren, inheriting from him, during the time of their minority, this prohibition must be observed, until one of the children comes of age, and demands partition."

The articles quoted do not purport to enlarge the authority which the law confers upon executors, or to authorize them to withhold from the heirs the possession of property inherited by them, even though they may not partition it. On the contrary, they evidently contemplate that the heirs shall be put in possession, and, when that happens, the executor becomes functus officio; and, whether the heirs, against whom the prohibition is directed, regard or disregard it, is a matter with which he would appear to have no concern.

The articles are, however, inapplicable in this case, because the testator, Le Blanc, gave no direction that the property of his estate should be held in indivision for five years, or for any other term, and it would not have been inconsistent with any expressed wish of his if a partition had been effected at once. What he attempted was to provide that the property should be held in trust, whether in indivision or otherwise, and that attempt cannot, under the law, be successful.

We notice the cases of Succession of Macias, 31 La. Ann. 127, and Succession of Strauss, 38 La. Ann. 55, merely to say that the decisions therein rendered have been recognized as being at variance with the jurisprudence, previously and subsequently, established.

In Succession of Stephens, 45 La. Ann. 966, 13 South. 198, this court said:

"The two cases of Macias and Strauss deflect somewhat from the line of preceding decisions."

In Succession of McCan, 48 La. Ann. 165, 19 South. 225, it was said:

"In our opinion the Macias, and its prototype, the Strauss, decision, stand alone in our jurisprudence. The last leans on the first, and the first, in our view, is refuted by the decision of Judge Martin, on which it claims to rest."

For the reasons thus given, the judgment appealed from is affirmed.

SOMMERVILLE, J., takes no part herein.