(121 So. 868)

No. 29539.

Succession of MANSON.

March 25, 1929.

Daly & Hamlin, of New Orleans, for appellants.

McCloskey & Benedict, of New Orleans, for appellee Hibernia Bank & Trust Co.

O'NIELL, C. J. David J. Manson died, leaving a will, bequeathing $10,000 to each of his two brothers, $1,000 to the Home for the Incurables, the remainder of the disposable portion (which was one-third) of his estate to one of his daughters, as an extra portion, and the remainder (which was two-thirds) of the estate to his three forced heirs, a son and two daughters, share and share alike. He then undertook to impose the following condition upon the bequest of the reserved portion (two-thirds) of the estate to the three forced heirs, viz.:

"It is my wish that my estate, except my disposable portion, be held intact and not divided for five years from the date of my death."

The testator appointed the Hibernia Bank & Trust Company executor of his will, with full seizin and without bond.

When the executor had paid the debts of the succession, and had delivered the legacies to the legatees, respectively, to the extent of the disposable portion, the son and daughters of the testator demanded their legitime, or reserved portion, as forced heirs. The executor refused to deliver the legitime, or reserved portion, to the forced heirs, on the ground that the stipulation in the will that the reserved portion should remain intact and be not divided for five years created a trust, and made the executor in fact the trustee, according to Act 107 of 1920, p. 151. The heirs then sued the executor for possession of their legitime, on the ground that the testator's stipulation that it should remain intact and be not divided for five years was null, according to the decisions of this court construing articles 1299, 1300 and 1301 of the Civil Code. The court below decided in favor of the executor, and dismissed the suit. The heirs have appealed from the decision.

Article 1299 of the Civil Code declares that a stipulation in a will that a legacy given to two or more persons shall never be divided would be null, "and such a prohibition would be considered as if it were not made." Article 1300 allows a testator to prohibit for the period of five years a division of a legacy given to two or more persons; and article 1301 allows a parent or grandparent to prohibit his or her minor children or grandchildren to divide the estate inherited by them until one of them comes of age. The deci-

sions construing these articles of the Code maintain that the so-called "prohibition" against dividing a legacy which is given to two or more persons cannot be imposed upon the legitime, or the portion of an estate which is reserved by law to the forced heirs. Succession of Turnell, 32 La. Ann. 1218; Succession of Turnell, 34 La. Ann. 890; Succession of Strauss, 38 La. Ann. 60; Succession of Manion, 143 La. 800, 79 So. 409. The reason why a testator cannot impose any condition upon a legacy of the legitime, or reserved portion, to the forced heirs, is that their right to the reserved portion, even though the testator declares that he bequeaths it to them, is derived, not from the will of the testator, but from the law which reserves the legitime to the forced heirs. Succession of Jacobs, 104 La. 458, 29 So. 241; Succession of Manion, 143 La. 800, 79 So. 409.

In Succession of Le Blanc, 128 La. 1055, 55 So. 672, it was said (128 La. 1061, 1062, 55 So. 674) that articles 1300 and 1301 of the Civil Code did not purport to authorize an executor to withhold from the heirs the possession of property inherited by them from the testator, even though they were forbidden by the testator to divide the property among them, viz.:

"The articles [1300 and 1301] quoted do not purport to enlarge the authority which the law confers upon executors, or to authorize them to withhold from the heirs the possession of property inherited by them, even though they may not partition it. On the contrary, they evidently contemplate that the heirs shall be put in possession, and, when that happens, the executor becomes functus officio; and, whether the heirs, against whom the prohibition is directed, regard or disregard it, is a matter with which he would appear to have no concern."

 The attorneys for the executor in this case concede that the stipulation in Manson's will, that the reserved portion of the estate

should remain intact and be not divided among the heirs for five years, is not binding upon them, and that the executor must deliver to them their legitime, or reserved portion of the estate, if the stipulation in question cannot be construed as creating a trust, and as making the executor a trustee, for five years, under authority of Act 107 of 1920. In support of the argument that this stipulation—for keeping the reserved portion of the estate intact and indivisible for five years—created a trust, and made the executor a trustee, the attorneys for the executor cite Wilbert v. Wilbert, 155 La. 197, 99 So. 36, and Succession of Manthey, 159 La. 743, 106 So. 289. The difference between the cases cited and the present case is that, in the cases cited, the court found that the testator showed an intention to intrust the property to the administration of the so-called executors for the time stipulated; whereas, in the present case, the testator did not show any such intention. There is nothing in the will of the deceased, Manson, indicating that he intended that his executor should, for five years, retain possession of that portion of the estate which the law reserved to the forced heirs, and which the testator, ostensibly, bequeathed to them. The stipulation that the reserved portion of the estate should remain intact and indivisible for five years showed that the testator believed that he had the right to impose that condition upon the giving of what the law itself reserved to the forced heirs; but the stipulation did not indicate an intention to intrust the reserved portion of the estate to the executor, as trustee, for five years. The stipulation that the reserved portion of the estate should remain intact and indivisible for five years is therefore null; and in fact the executor is not concerned with the right of the forced heirs to divide the reserved portion of the estate among themselves, and therefore has no right to retain possession of it.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the Hibernia Bank & Trust Company, executor, deliver the reserved portion of the estate of David J. Manson, deceased, to his son and two daughters, the plaintiffs herein. The costs of this proceeding are to be paid out of the estate of the deceased.