## GONZALES ET AL. vs. GONZALES.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ASSUMPTION.

A will, dictated in Spanish, the native tongue of the testator, and a memo-
randum thereof taken down in the French language by the notary, which
is read to the testator, and approved by him, as expressing his intentions,
and drawn up in the English language, of which the testator is ignorant,
but signed by him, the notary and witnesses, is *null*, under the 1571st
article of the Louisiana Code, which requires that a will should be writ-
ten by the notary *as dictated*.

This is an action by the heirs at law of Joseph de Leon,
*alias* Rodriguez, against Juan Gonzales, his instituted heir
and testamentary executor, in which they allege that the
last will and testament of the deceased, under which the
defendant claims, is null and void, because it was not writ-
ten as dictated by the testator. They pray that it be can-
celled and annulled, that an inventory and appraisement be
made of the property and effects of the deceased, and that he
be declared *intestate*, and his estate go to his legal heirs.

The defendant pleaded a general denial, and avers the
will under which he claims and administers the succession
of the testator to be good and valid.

The cause was tried before the judge of probates on these
pleadings and issues.

It appeared in evidence that the testator was a Spaniard,
and did not understand the English language. The will is
in the nuncupative form, by public act. The parish judge,

who, in his capacity of notary public, drew up the will, understood no Spanish. But the testator dictated his intentions and dispositions in Spanish to Manuel Fernandez, one of the witnesses, who translated it into the French language. This translation was read by the parish judge to the testator and witnesses, in the French language, which they all understood, and the testator said it was good, and expressed his intentions. The will was then drawn up in the form of a nuncupative testament, by authentic act, in the English language, which the testator and witnesses did not understand. Two of the witnesses were ignorant of the Spanish language, but understood the French; none of them understood any English. Before they signed, it was read by the parish judge to them and the testator, in the French language, with which they were all acquainted, and they signed.

The parish judge who acted as notary on the occasion of making the will, was also judge of the Court of Probates before which this cause was tried. The judge pronounced the will good and valid, and dismissed the suit. The plaintiffs appealed.

*Ilsley* and *Nichols*, for the plaintiffs and appellants, contended that the will must be written out by the notary *as dictated* by the testator, which was not done in the case under consideration, but that it was written out from a memorandum, and drawn up in a language of which the testator was entirely ignorant. The law imposes the pain of nullity on the neglect of this formality. *Louisiana Code, article* 1571, 1588.

Testaments, or wills, deriving their force and effect from the provisions of positive law, must strictly and literally follow its requisitions. Every formality is sacramental, and must be rigidly complied with as the condition of its validity. *Knight* vs. *Smith*, 3 *Martin*, 156.

*J. J. Roman*, for the defendant.

*Eustis, J.*, delivered the opinion of the court.

This is an action brought by the heirs at law of the

EASTERN DIST. *March,* 1839.

GONZALES ET AL. *vs.* GONZALES.

A will, dictated in Spanish, the native tongue of the testator, and a memorandum thereof taken down in the French language by the notary, which is read to the testator and approved by him, as expressing his intentions, and drawn up in the English language of which the testator is ignorant, but signed by him, the notary and witnesses, is null, under the 1571st article of the Louisiana Code, which requires that a will should be written by the notary as dictated.

deceased, Joseph de Leon, *alias* Rodriguez, against the defendant, his testamentary heir, for the purpose of setting aside and annulling the will of the deceased.

The will was made on the 31st of July, 1835. The principal objection to its validity, and the only one we are called upon to notice, is that it was written in the English language, of which the testator was absolutely ignorant. It appears that Spanish was his native language, that he understood French, but did not understand English, the language in which the instrument signed by him as his will was written; that he dictated the contents of the will in Spanish, and the notary who wrote the will made a translation in writing, in the French language, of what had been dictated, which he read to the testator, who approved it as expressing his intentions. The instrument was then written in the English language, and signed by the testator, the notary and witnesses, after the requisite formalities.

Conceding that the will is valid in every other respect, we consider that the objection taken by the heirs at law is fatal.

The article 1571, of the Lousiana Code, requires that the testament should be dictated by the testator, and written by the notary as dictated. The instrument under consideration has passed through the process of a double translation, and cannot, in the sense of the code, be said to have been written as dictated by the testator.

We have been referred to the French authorities on this subject, and we are aware that, under the decisions of the court of cassation, a will would not be set aside for a cause like this in France, provided it was written in the French language. *Sirey,* 7, 1, 224; *idem,* 7, 2, 19.

But by the laws of France, notarial acts are required to be in the French language, and in cases in which the notary and witnesses do not understand the language of the testator, a sworn interpreter may be called in order to translate it. *Vide Dictionnaire du Notariat, Verbis Interprète et Langue des Actes.*

There is nothing in the laws which prevented the notary writing the will in this case as it was dictated by the testa-

tor.   A notarial act of this kind in the Spanish language is valid.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be reversed; that the will of Joseph de Leon, *alias* Rodriguez, be annulled and set aside; that the case be remanded for further proceedings according to the prayer of the petitioners; and that the defendant pay costs in both courts.