PERCY, TUTOR, ETC. *vs.* PROVAN'S EXE-CUTOR ET AL.

The judgment of the Court of Probates, is, therefore, affirmed with costs.

PERCY, TUTOR, ETC., *vs.* PROVAN'S EXECUTOR, ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF IBERVILLE.

A clause in a testament which extends the powers of executors in their mere capacity as such, to enable them to keep the funds of the succession in their hands, after they have become *functi officio,* ought to be considered *as not written.*

Where the testator appointed his executor also tutor of his minor child, and directed that he keep the share of his child until he became of age, and the executor renounced the tutorship: *Held,* that he is bound to pay over the funds of the minor to the tutor afterwards appointed, as soon as his executorship ends.

The new tutor is bound to invest the funds as provided in the will, as the power of administering the estate of a minor is exclusively given, by law, to the tutor.

The attorney for absent heirs cannot interfere with the person or share of an estate coming to a minor heir, while he is under the direction and care of a tutor.

Provisions in a will appointing a tutor to the sole minor child, and also directing him to be sent out of the country to his grand-parents until he comes of age, cannot both be executed. If the minor be put under a tutor, he must remain here until majority.

This is an action by Thomas B. Percy, tutor of the minor Provan, against H. D. Richardson, testamentary executor of

EASTERN DIST.
*March*, 1840.

PERCY, TUTOR,
ETC.
*vs.*
PROVAN'S EXE-
CUTOR ET AL.

William Provan, deceased, to compel him to account and pay over to him, as tutor, one-half of the net proceeds of the estate of the deceased, according to the provisions of the will. He prays for a partition of said succession, and that the attorney of absent heirs be cited to appear and become a party thereto.

The executor averred, that he had rendered his account in due season, and his term had been prolonged ; that there was a certain balance in his hands, which he accounted for ; but that, by the provisions of the will, it was made his duty to invest the whole of the proceeds of the estate in some good and secure stock, one half of which is bequeathed to said minor, and the other half in usufruct, to the father and mother of the deceased, in Scotland, and in full property to his three sisters. That the minor's portion is to remain untouched until his majority ; the revenues only to be taken and used for his support and education. He prays to be allowed to keep the proceeds of the succession, invest it in stock, and pay over the revenues to the heirs and legatees entitled thereto.

The attorney for absent heirs joined in the call for a final account and partition of the succession, but denied that the plaintiff had any right to the custody of the minor, or the administration of his property ; but that, under the provisions of the will, the minor was to be sent to his grand-parents in Scotland, to be educated and brought up, He prays that the tutor be required to comply with this provision of the will, and that until this is done, the estate remain in the hands of the executor.

Upon these pleadings and issues the case was tried. The facts of the case, and the provisions and clauses of the will, are fully set out and stated in the opinion of this court.

The judge of probates homologated the executor's account, and ordered him to pay over one half the net proceeds of the estate to the plaintiff, as tutor of the minor Provan. The executor, and attorney for absent heirs, both appealed.

*I. Johnson* and *Turner*, for the plaintiff and appellee, insisted on the affirmance of the judgment. The tutor had the right to the administration of the minor's estate, and not

EASTERN DIST.
*March*, 1840.

PERCY, TUTOR,
ETC.
*vs.*
PROVAN'S EXE-
CUTOR ET AL.

the executor. The will was framed in the expectation of the executor being also tutor, and of course would have had a right to the possession of the minor's share ; but having renounced the tutorship, he is no longer entitled to the administration or possession of the property.

*Benjamin* and *W. E. Edwards*, for the appellants, argued to show that the executor should not pay over the funds to the tutor. They contend :

1. The executor holds a sum of money which the tutor demands from him. The will says : " I hereby order that all the money arising from the sale of my property, after, &c., be invested in some good and secure stock, and the interest or dividends to be disposed of as follows," &c. The executor deems it his duty to follow out this provision of the will by investment of the money in his hands in some good and secure stock, under the advice of a family meeting, and with the sanction of the judge.

2. *Prima facie*, and as a general rule, it will no doubt be admitted, that an executor is bound to obey the directions of the testator, in the disposal of his property, unless, therefore, the tutor can show that this order of the testator is improper or illegal, it must be obeyed by the executor. How is this alleged illegality attempted to be shown ? The tutor argues that as regards the forced portion, the testator has no control, and, therefore, could not direct any particular investment of it. In order to see whether this argument is well founded, we must examine the provisions of the law, keeping in view the fundamental principle, that laws which prohibit the free disposal of one's own property must be strictly construed, and cannot be extended by implication. See the cases of *Cole* vs. *Cole's Executors*, 7 *Martin*, *N. S.*, 71, 414. The article which gives a forced portion is No. 1480, of the *Louisiana Code*, and is conceived in these terms : " Donations *inter vivos* or *mortis causa*, cannot exceed two-thirds of the property of the disposer, if he leaves, at his decease, a legitimate child."

3. In the present case, the testator has only disposed of half of his property in favor of his ascendants and sisters,

Eastern Dist.
March, 1840.

PERCY, TUTOR,
ETC.
vs.
PROVAN'S EXE-
CUTOR ET AL.

and has bequeathed the other half to his child. The will is, therefore, clearly valid under the terms of the law. Now we do not pretend to argue that the testator could do that indirectly which the law prohibits his doing directly. And if, under pretext of directing a particular mode of investment, he had so affected the rights of his child as to diminish their real value to an amount below the forced portion, we admit that in proof of such fact, such disposition of the will could be set aside.

4. But in the present case no such attempt is proved nor even alleged. It is not pretended that this was not a *bona fide* attempt of deceased, with paternal solicitude, to place the property of his child beyond the reach of accident. We can find nothing in the law which prohibits this, nor is such a doctrine taught by any of the authorities cited by plaintiff.

5. In conclusion, the court will remark that this is not a suit to set aside the will ; that the will has never been attacked ; that by the plaintiff's petition the defendant is called on to render an account under the will as executor ; and when he offers to do so by carrying into effect the very terms of the investment, plaintiff attacks the dispositions as illegal, and obtains a judgment of the court below, directing him to do the very reverse of that which the will requires.

*Simon, J.*, delivered the opinion of the court.

This is a suit against an executor, to account, and against the attorney for the absent heirs of the deceased, for a partition of the estate.

Dr. William Provan died in the parish of Iberville, leaving only one child. By his will, he disposes of one-half of his estate in favor of his son, and of the other half, in favor of his parents ; after their death, their half is to go to the testator's three sisters. The testament contains, also, several special legacies, and provides for the payment of debts, &c. The testator appoints John Henderson and the defendant, Richardson, as his testamentary executors, and as tutors to his son, imposing upon them certain duties and obligations, which he explains in his will, and particularly expresses the wish, and

instructs his executors, that his son should be sent to his grand-parents, residing in the city of Glasgow, Scotland, to be placed under their charge and protection ; and finally orders, that the whole of his estate, after delivery of the legacies, be sold ; that the proceeds be invested as by him directed, and that the funds so invested, remain under the control of his executors until the age of majority of his son, under the obligation of disposing of the annual revenues for the use of the minor, in case of sufficiency.

One of the executors declined accepting the trust ; the defendant, Richardson, on accepting the executorship, refused to act as tutor to the minor, and the plaintiff, who is one of his maternal relations, was regularly appointed tutor.

The defendant, Richardson, answers that he is willing to render his account, but avers, that the plaintiff has no right to receive the funds belonging to the minor, the will of the deceased having provided in what manner and by whom said funds should be invested and administered. He prays that his account be homologated, and that he be authorized to continue in possession of said funds, in his capacity of executor, according to the will.

The attorney for the absent heirs joins the plaintiff, so far as relates to the rendition of an account, and pleads that plaintiff has no right to claim the tutelage and personal possession of the minor ; that under the will, he is to be sent to his grand-parents, and that until this is complied with, the tutor cannot take possession of any part of the estate of the minor. He prays that this clause of the will be ordered to be executed.

The Court of Probates gave judgment in favor of the plaintiff, and the defendants both appealed.

It appears to us perfectly clear, that the defendant, Richardson, cannot, as executor, keep in his possession and administer the estate of the minor ; this is not one of the powers and privileges given by law to testamentary executors, and any clause in a testament which would extend their powers in their mere capacity of executors, to keeping the funds of a succession in their hands after they have become *functi officio,*

*A clause in a testament which extends the powers of executors in their mere capacity as such, to enable them to keep the funds of the succession in their hands, after they have become functi officio, ought to be considered as not written.*

PERCY, TUTOR,
ETC.
vs.
PROVAN'S EXE-
CUTOR ET AL.

Where the testator appointed his executor also tutor of his minor child, and directed that he keep the share of his child until he became of age, and the executor renounced the tutorship: *Held,* that he is bound to pay over the funds of the minor to the tutor afterwards appointed, as soon as his executorship ends.

The new tutor is bound to invest the funds as provided in the will, as the power of administering the estate of a minor is exclusively given, by law, to the tutor.

The attorney for absent heirs cannot interfere with the person or share of an estate coming to a minor heir, while he is under the direction and care of a tutor.

A provision in a will appointing a tutor to the sole minor child

ought, in our opinion, to be considered as not written. *Louisiana Code,* articles 1652, 1653, 1659, 1661, 1662, 1663, 1665, and 1666. In this case, however, we do not believe that the testator intended that the defendant should have the estate of the minor under his control as executor; for he has taken good care to appoint him tutor to his son; and we understand the clauses of the will concerning the estate of the minor, to remain under the control of the executor, as being written only for the purpose of indicating in what manner, as tutor, he is to administer the estate of his ward.

The defendant, Richardson, having no right, as executor, to keep in his possession the funds of the minor, and having refused to accept the testamentary tutorship, is bound to pay over into the hands of the plaintiff, regularly appointed tutor, the portion of the funds of the minor, proceeding from the sale of the property of the testator, and it will become the duty of the new tutor to invest said funds as provided for by the will. The power of administering the estate of a minor, is exclusively given by law to the tutor. *Louisiana Code,* 344 and 327. But, we see no reason why he should not, in his administration comply with the instructions given in the will by the testator; there is nothing in them repugnant, or contrary to the laws of the state.

We are unable to perceive any right in the attorney for the absent heirs and legatees, to demand that the minor be expatriated; he has no such power under the laws of the state; the object of his appointment is to take care of the interests of the absent heirs, and to oppose every thing which may turn to their personal prejudice and not to the prejudice of others. *Louisiana Code, articles* 1654, 1655. Were the minor's grand-parents residing in the state, they would be entitled to the *tutelle légitime,* but being absentees, they cannot claim it by proxy, or through their attorney; the law has never intended that the tutor of a minor, who is in the state, might reside in another country. *Louisiana Code,* 351.

It is, perhaps, proper to notice the clause of the will relative to the expatriation of the minor, but we are unable to see how it can be enforced; the duties, powers and privi-

leges of the tutor, under our laws, cannot be divided ; he is to have the care of the person of the minor, and it cannot be taken from him. This subject might, perhaps, be properly submitted to the deliberation of a meeting of the family of the minor, who would authorize the tutor to conform to the wish of the testator, but in case of refusal on the part of the tutor, our courts would be without authority to order it, and without power to enforce their decree.

We do not think that this is such a case as damages for a frivolous appeal ought to be granted.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

EASTERN DIST.
*March*, 1840.

and also directing him to be sent out of the country to his grand-parents until he comes of age, cannot both be executed. If the minor be put under a tutor, he must remain here until majority.