*1177 The opinion of the court was delivered by
Miller, J.
This controversy arises on the will of the deceased, directing that the one-third of his property, given to his granddaughter, shall be administered during her minority by his two sons constituted his executors, the proceeds to be invested by them and the property and accrued revenues to be delivered to her when she attains her majority, the administration and control of the executors to be “ to the exclusion of all others.” This portion of the will is attacked by the father and tutor of the granddaughter on the grounds, substantially, that the testator could not appoint the executor to fulfil the functions of the tutor, and that the disposition assailed is within the scope of the articles of the Gode forbidding substitutions and fidei commissa. The answer maintained the validity of the disposition, and from the Judgment annulling the dispositions this appeal is taken.
This will displace the tutor of the minor in respect to the administration of the property given her by the will. In seeking to accomplish that object the will substitutes the control and administration of the executors. Under our law the minor in person and property is placed under the authority of the tutor, who administers the minor’s property and represents him “ in all civil acts.” Civil Code, Arts. 327 et seq. In all the cases in our reports involving the attempt of the testator to supersede the tutor’s administration there has been experienced the difficulty of avoiding the sweeping prohibition in our Oode of all trusts attempted to be created by the testator. In this case as in others the will seeks to combine with the executors’ functions those of the tutor. The question whether the testator can direct this blending of duties and the administration of minor’s property in a mode not known to our law has been the subject of previous decisions of this court. In the Succession of Foucher, 30 An. 1020, the decision was against the power of the testator to supersede the tutorship of the law for that devised by him. But the validity of this will is not restricted to this feature of the exclusion of the tutor. The broader ground is, whether the will has not undertaken to provide as a substitute for the tutorship of the minor the prohibited fidei eommissum sought to be supplied in previous cases. Gonzales vs. Gonzales, 13 La. 106; Partee vs. Succession of Hill, 12 An. 767; Succession of Foucher, 30 An. 1020; Succession of Will Steven, 36 An. 764; Succession of McCan, 48 An. 145.
*1178 Our law prohibits substitutions and fidei eommissa. The giving of property to one who, after the period of his enjoyment, is to be succeeded by another to whom the legatee first in order is to deliver, is the substitution. The naked trust, that is, of property simply to be held for and delivered to another, is the fidei eommissum. Our law prohibits both. Civil Code, Arts. 1519, 1520. The substitution annuls the entire disposition. The fidei eommissum leaving untouched other parts of the disposition, is reputed not written. Ducloslange vs. Ross, 3 An. 432; Beaulieu vs. Ternoir, 5 An. 480; Succession of Franklin, 7 An. 412; Partee vs. Succession of Hill, 12 An. 767. The question in this case is whether the disposition that one-third of the estate of the deceased is to be held by those he names as executors until the majority of the minor legatee, and then delivered to her, is not a fidei eommissum.
The defendant’s argument insists that our Code abolishes only a class of fidei eommissa and excepts lawful trusts. It is claimed that the disposition in this will for the benefit of minors is for a proper purpose, and hence not within the prohibition of trusts. The dissent of Judge Preston in the Eranklin case is relied upon on this branch of defendant’s argument. This phase received careful consideration in the leading cases decided more than forty years ago. In the Eranklin case the trust was in favor of an institution of learning to bear the testator’s name. It was a case peculiarly fit for an exception if our law permitted trusts in testamentary dispositions. The decision was against the bequest. The result of all the discussion, then, was the delineation of our jurisprudence, if not distinctly marked before, that our Code abolished not only the substitution, but all forms of fidei eommissa. The simplicity of our system of titles it was declared must be maintained; that property at the testator’s death must vest in an owner, with the right of the testator to give the usufruct to one, the property to another, and that any disposition by which the heir or legatee was excluded from possession by the instrumentality of trustees or of others to hold for the legatee, equally with the disposition he was to hold and enjoy for life, or other period designated by the testator and then deliver to another, were prohibited. The substitution carrying an interest in the legatee, but to cease when he handed over; the trust to hold and deliver unaccompanied with any interest in the legatee first named; i. e., the naked trust, were both placed under *1179 the reprobation of the law. It would be useless to repeat the reasoning of these decisions. Ducloslange vs. Ross, 3 An. 432; Beaulieu vs. Ternoir, 5 An. 480; Succession of Franklin, 7 An. 412; Partee vs. Hill, 12 An. 767, and others of like type.
It is insisted by the defendants that it is competent for a testator to direct the payment of a legacy at a certain period after his death, and that such a legacy would continue the seizin Of the executor until the period for payment. Hence, it is argued that the disposition in the will directing the property to be held until the majority of the minor is a lawful charge put on the executors. A bequest by a testator of a sum of money, payable at a stipulated period after the testator’s death would transgress no public policy or provision of law. In the case cited by defendant’s counsel from 13 An. (Pena vs. New Orleans, 13 An. 86) such a bequest was maintained. When the paper in that case was presented for payment, the executors were in office. If their administration had ended the bequest would have been a charge on the heir. The paper tied up no property. It did not undertake to place the property in the hands of executors or others to be held and delivered to the legatee at the period designated. It did not undertake to disturb the possession of the heir bydesignat-ing trustees to hold the property. Legacies of this character create no fidei commissum. They are simply charges on the heir or the executor. Here is the attempt not to charge the heir with payment of a sum of money, but to exclude the heir from possession, the property, in the meantime, to be held by others under the mandate or trusts to deliver to the legatee when she attains majority.
It is claimed that the disposition is not a fidei commissum because the custodians of the property are the executors, whose term of office is now by law prolonged until the succession is wound up. Bevised Statutes, Sec. 3698. If this disposition has all the elements of the fidei commissum it is not easy to appreciate that it íb less so because the trust is given to executors. Our law defines their duties. But they are not clothed with the functions of a tutor this will seeks to impose on them, nor are they trustees for the benefit of those designated by the testator. In this case the record shows the succession debts have been paid, the heirs recognized and the partition of the property completed. All of the functions of the executors in legal significance are ended. All that remains, if the Code governs, is to hand the property to the heirs on their demand *1180 in this case made for the grandchild by her tutor. There are neither debts nor legacies to be paid. C. C., Art. 1671. If, then, those named as executors are to continue to hold this property it is not in virtue of their functions as executors under the Oode, but under the will, charging them to make investments and administer for the legatee and deliver to her when she attains majority. The law prolonging the administration of executors and administrators until the estate is wound up has obvious application when sales are yet to be made, debts paid and the incidental functions of administration are yet to be performed. This is no such case. The Oode and the decisions are that the seizin of the executor ceases with the payment of legacies, and even before on the demand of the heir, subject only to the condition that the heir shall advance enough to pay the movable legacies, and there is no testamentary power to extend the seizin. Civil Code, Art. 1671; Percy vs. Provan’s Executor, 16 La. 69; Succession of Fisk, 3 An. 705. Manifestly no reasonable interpretation of the statute prolonging the administration of the executors for purposes of administration can affect the limitation of their seizin imposed by the Oode. If prolonged, that limitation would apply, and if not prolonged by the statute it equally applies. The proposition then that the executors as such can hold the property because of the law prolonging their functions is answered, we think, by the limitation to which even the prolonged term is subject, i. e., the demand of the heir, and the absence of any movable legacies. The statute gives no aid to the pretension the defendant holds as executors. In the Succession of Macias, 31 An. 127, for the first time, it was advanced that the act extending the executor’s term prolonged it so as to enable him to hold and administer property bequeathed to the minor. In the case of Succession of Steven, a few years later, no such aid was found in the statute and the disposition confiding to the executors property to be held and administered by them for majors and minors was held to be so clearly a forbidden fidei eommissum. as to preclude discussion. 36 An. 755. Two years later came the decision in the case of Succession of Strauss, 38 An. 55, notwithstanding the Steven decision repeating the Macias decision. But neither in the Strauss or the Macias decision is there any allusion to the articles of the Oode or our jurisprudence restricting the duration of the executor’s seizin, and putting it beyond the power of the testator to extend it. It seems to us. *1181 clear that no allowable construction of the act of 1837, now Sec. 3698 of the Revised Statutes, can, in the least, affect that part of the Oode which limits the executor’s seizin. Their functions are brought to an end with all the benefit that can be invoked by the prolonging act. If they are entitled to hold, it is solely because of the power the testator conceived he could confer.
There is in this will the designation of those who are to hold and administer the property; there is the legatee named for whom it is to be held and to whom it is to be delivered at the period the testator designated. What element is absent of the fidei eommissum prohibited by our Oode? “Every disposition is null by which the donee, heir or legatee is charged to preserve for or return a thing to a third person,” follows the prohibition of the substitution and fidei eommissum. If it is the policy of our law, as frequently maintained by our courts, that the titles of ownership and imperfect ownership prescribed by our Oode shall be maintained and no departure permitted to testators, then in this disposition we have a tenure attempted to be created in those that are to hold for the minors, entirely distinct and different from any known to our Oode, and in all like respects, like the trust of the common law. Ducloslange vs. Ross, 3 An. 432; Heirs of Henderson vs. Rost, 5 An. 461; Beaulieu vs. Ternoir, 5 An. 480; Succession of Franklin, 7 An. 412; Partee vs. Hill, 12 An. 767. If it be incompatible with the spirit of our law that the heir, for the period the testator names, should be excluded from possession, the power of alienation kept in abeyance for the same time and the property tied up, all these obnoxious features are exhibited in this disposition creating an administration devised by the testator to last until the majority of the minor, who in the meantime is to be vested with no other interest than that of the beneficiary under the trusts of the common law. Our reports are full of the instruction that dispositions of this character are, in no manner) relieved of the prohibition of fidei commissa. The Macias decision, 31 An. 127, followed by the Strauss decision, 38 An. 55, were in contrast with our entire jurisprudence. In the case of Calvert vs. Boullemet, 46 An. 1135, the question here was not raised, hence not considered. The case of Succession of Cochrane, 29 An. 233, shows no controversy in respect to the prohibition, applied with distinctness in every case, the Macias and Strauss decisions excepted, in which a determination was invited and made. The comment in defendant’s brief *1182 ob the decision in the case of Clague vs. Clague, 13 La. 1, which elicited the emphatic declaration from Judge Martin against trusts to be fulfilled for minors under the guise of a disposition like this, is that the decree does not give effect to the opinion. The decree preserves the direction of the testator that the money bequeathed to the minor should be invested, but instead of maintaining the trust to be put on the executor we find in the decree the right of the tutrix recognized in that control the law withholds from executors, and gives only to those the law vests with the administration of minors’ property. The recent decision in the case of the Succession of McCan, 48 An. 145, is separated by a great space of time from the Clague case. 13 La. 1. In the intermediate period there were the great cases of Succession of Franklin, 7 An. 412; State of Louisiana, etc., vs. Executors of McDonogh, 8 An. 171; Heirs of Henderson vs. Rost, 5 An. 460, and others, exhibiting elaborate discussion of the general question here. With not greater illustrative power, but presenting features admitting of closer application of the prohibition of fidei commissa to testamentary dispositions of this character, there are the cases of the Succession of Steven, 36 An. 755; Partee vs. Succession of Hill, 12 An. 767; Succession of Stephens, 45 An. 962; Percy vs. Provan, 15 La. 69. All these cases affirm with more or less, but not greater expressive force, the exposition of our law given by Judge Martin in the Clague ease, 13 La. 1, that the disposition by which the testator directs the property bequeathed to minors should be held for them by the executor until their majority “ is indeed & fidei commissum prohibited by law.” Gonzales vs. Gonzales, 13 La. 106. We must apply the prohibition here as we did in the McCan case, 48 An. 145, involving this as well as other questions not arising here.
Besides the fidei commissum this will presents, the other feature equally obnoxious to our law is incidentally discussed. The legal heir, minor or major, can not be excluded from possession by any disposition attempting the prolongation of the executor’s seizin utterly beyond the power of the testator. The will in this respect is void, and reputed not written. C. C. 1671; Percy vs. Provan’s Executor, 15 La. 69; Succession of Fisk, 3 An. 705.
All the phases of the discussion in the elaborate brief of the defendant’s counsel have had our attention, but we have deemed it enough to bring the ease within the scope of the views of controlling influence. It remains to consider the proposition urged *1183 on us, that the will in favor of the minor is an entirety and must be accepted or rejected as a whole. The answer to this, we think, is furnished by the Oode. The part of the will we hold to be a fidei commissum is reputed not written. Civil Code, Art. 1519. Beaulieu vs. Ternoir, 5 An. 480. The testator can not clog even the disposable portion with either a substitution or fidei commissum. In the first the whole disposition falls and the title of legal heir remains and is enough. If a fidei commissum the law avoids it.
We have given attention to the other contention that by the will of the deceased the two sons are entitled to ten thousand dollars from their, co-heir, the granddaughter. The claim is founded on that part of the will in which the testator reciting his gift as a wedding present to the mother of the minor of a tract of land in Tennessee, declares the desire that his two sons should receive the equivalent of that tract “ then worth five thousand dollars.” That sum, without interest, he devises to each of his sons as an extra portion to be taken out of the disposable portion of his estate.” The contention on the side of the plaintiff is no collation of this land or its value was due, because the mother died first; that the gift was a wedding present, and the land is not within our jurisdiction. Civil Code, Arts. 1238, 1239, 1240, 1241. On the other hand the will is relied on as a legacy of money. The construction of the will as to the amounts the sons are to receive is not free from difficulty. It is apparent, we think, the testator intended not collation in its strict sense, but the increase of the portions of the two sons. Preceding the partition between the heirs the subject was discussed and a partition was agreed upon, by which in adjusting the share of the minor she took five thousand dollars less than her co-heirs. The partition completed on this basis has been homologated. We perceive it is claimed the sons were not aware of their rights in this matter. On the other hand it is urged the subject was understood, and that counsel were consulted. We do not find the basis to open this controversy. The judgment of homologation, we think, is binding. Civil Code, Art. 1374; Hooke vs. Hooke, 14 La. 23.
There is a contention as to the fee to be paid by the minor for the counsel’s fee in defending the will of the deceased against the attack of the minor. We can appreciate the feeling of the sons that prompted them to defend the will, with the execution of which they were charged. They might well prefer the decision of the question *1184 •by the courts as their guide, notwithstanding the decision in the McCan case adverse to a testamentary disposition like this. We think, too, that the proper fee for defending the will should be paid from the mass of the estate, not borne by one only of the heirs. In some respects this litigation involves the rights of the two sons against their co-heir. In the other aspect the litigation concerned the maintenance of the will. We have given our attention to the question of the proper charge to the minor as her part of the counsel fee, and with due consideration of all that has been urged on both sides, we think the proper fee, or rather part of the total fee to be charged the minor, would be two hundred and fifty dollars, and we shall make that amendment to the judgment of the lower court.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be amended so as to charge the minor with two hundred and fifty dollars, portion of the fee of counsel for defending the will, and as thus amended the judgment of the lower court be affirmed, with costs.
Nicholls, C. J., and Breaux, J., concur in the decree.