(106 So. 289)

No. 26365.

Succession of MANTHEY.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Perpetuities** ☞4(19) — **Suspension of payment of legacies until beneficiaries attain majority held valid "trust" or "fidei commissum."**

Bequests to testator's grandchildren, with direction that payment shall not be made to any beneficiary until he arrives at majority either by emancipation, marriage, or having reached required age, *held* to constitute fidei commissa or trusts formerly null under Civ. Code art. 1520, but now expressly authorized by Act No. 107 of 1920.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fidei Commissum; Trust.]

2. **Perpetuities** ☞4(19)—**Failure to expressly name executor as trustee held not to invalidate fidei commissum.**

The trusts or fidei commissa created by bequests to grandchildren payable on their respective majorities *held* not invalid under Act No. 107 of 1920 because of testator's failure to expressly nominate executor as trustee, where intent that executor should so act clearly appeared and function of appointee involved duty of both executor and trustee.

3. **Appeal and error** ☞1173(2)—**Judgment disturbed only as to parties appealing therefrom.**

On appeal from judgment construing a will affecting minor legatees, the judgment will be disturbed only in so far as it affects minors who appealed therefrom.

O'Niell, C. J., and Rogers, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

In matter of the succession of Gustave A. Manthey. Motion by Johanna Manthey and others to construe provisions of a will of Gustave A. Manthey, deceased. From a judgment in favor of petitioners, Rita Manthey and others appeal. Annulled and set aside, with directions.

John R. Perez and D. H. Theard, both of New Orleans, for appellants Mrs. Rita Manthey Brown and Edward T. Manthey, testamentary executor.

Andrew B. Booth, Jr., and Walter J. Suthon, both of New Orleans, for appellee Fred W. Brown.

OVERTON, J. Gustave A. Manthey died in the city of New Orleans on January 11, 1923, leaving a last will and testament, dated September 15, 1922, and containing, among others, the following bequests, to wit:

"I give and bequeath to each of my nine grandchildren the sum of twenty-five hundred ($2,500) dollars each, these grandchildren being Anna May Manthey, G. A. Manthey, and Edward Manthey, these being the children of my son, Edward T. Manthey; Robert Brown and Frederick Brown, these being the children of my daughter, Rita Manthey, wife of Frederick

Brown; and Francis Manthey, Ella Rita Manthey, these being the children of my son Francis Manthey, and Lear Barbarich and Mary Ellen Barbarich, these being the children of my daughter, Johanna Manthey, wife of Elias Barbarich."

The will also contains the following provision, which purports to affect the foregoing bequests, to wit:

"It is my desire and wish that the sum of twenty-five hundred ($2,500) dollars each bequeathed to my nine grandchildren named hereinbefore be not paid to them until they arrive at their majority either by virtue of emancipation, marriage, or having reached the required legal age."

The will also contains a provision appointing Edward T. Manthey executor thereof, giving him seizin of the estate, left by the decedent, and relieving him from giving bond.

Johanna Manthey, wife of Elias Barbarich, and Elias Barbarich himself, as well as others of the parents of the grandchildren of the decedent, filed a joint motion suggesting to the court that "the provisions of the last will and testament of the deceased in respect to the legacies of $2,500 (referring to the provisions as to payment, quoted above) constitute fidei commissa, which are contrary to law, as they impose on the testamentary executor functions, which he has no legal capacity to perform, and a trust, which he cannot execute," and allege that, as these provisions are illegal, they should be deleted from the will and treated as not written, and the said legacies paid to the parents of the grandchildren of the testator, who, they aver, are the parties designated by law to receive and administer the property of their children.

After hearing the foregoing motion, the trial court rendered judgment deleting from the testament the provision thereof relative to the time when said legacies should be paid, for the reason that the court considered said provision invalid and inoperative, in that its purpose is to create a tenure of property prohibited by our law and to impose on the testamentary executor the duty of holding and administering the legacies to said grandchildren, a duty which properly belongs to the parents or tutors of minor legatees, and ordered said legacies paid at once to the parents of the children to whom the legacies were left.

Mrs. Rita Manthey, wife of Frederick W. Brown, and mother of the minors Robert and Frederick Brown, alleging that the judgment rendered is contrary to the law and the evidence, and, although in her favor, that said judgment is prejudicial to the interest of her children, who are the real parties in interest, moved for and obtained an appeal therefrom. Frederick W. Brown, the husband of Mrs. Rita Manthey, filed an answer to the appeal, praying that the judgment appealed from be amended so as to order the legacies to his children paid to him instead of to him and his wife, on the ground that he is the proper person in law, being the father of said children, to receive and administer them, and that, as thus amended, said judgment be affirmed. Edward T. Manthey, both individually and as executor of the last will and testament of the deceased, also filed an answer to the appeal, praying that the judgment rendered below be set aside, and that there be judgment holding that the will of the decedent contains no illegal condition, and ordering that the legacies to Robert and Frederick Brown be held by him either as executor or, according to the statute of 1920 (Act 1920, No. 107), relative to trusts, as trustee, to be in due course delivered to said legatees at the time fixed in said last will and testament.

From the foregoing it appears that the question presented to us for solution is whether the second clause, quoted above from the last will and testament of the deceased, to the effect that the legacies to the grandchildren of the deceased shall not be paid them until they acquire the rights of

majors, by virtue of emancipation, or marriage, or by reason of their having attained the required legal age, is illegal and should be treated as not written.

In the succession of Macias, 31 La. Ann. 127, it was held, quoting the syllabus, which correctly states the ruling made, that:

"A legacy left to a minor grandchild of the testator on condition that the property composing the legacy shall remain under the administration of the testator's executor until the legatee's majority is a valid disposition, and the father of the minor, as natural tutor, has no right to claim the administration of the property."

In the Succession of Strauss, 38 La. Ann. 55, quoting the syllabus, it was said:

"A testamentary disposition by which the testator bequeathes all his property to his grandchildren, on condition that the legacy should remain under the administration of his testamentary executor until the legatees shall have reached the age of majority, does not create a fidei commissum, and has not the character of a condition which is impossible or reprobated by law. Under such a disposition the executor is not made a legatee with instructions to preserve for and turn over the property to another person."

The foregoing decisions were rendered upon the theory that the bequests there made, which are similar in their main features to those made in this instance, did not constitute trusts or fidei commissa, and hence were valid. On the other hand, long prior to the rendition of the foregoing decisions, our predecessors, through Judge Martin, as the organ of the court, held, in a case where the will provided that property bequeathed by a testator to his children should remain in the hands of his executors until his children attained their majority, that the provision in the will so providing was invalid, being a fidei commissum, and said, among other things, that:

"The Louisiana Code, art. 1507 [now article 1520] provides that 'every disposition, by which the donee, the heir or legatee is charged to preserve for, or to return a thing to a third person, is null, even with regard to the donee, the instituted heir, or the legatee.'

"A disposition by which the property of the estate is to remain in the hands of the executors, until the majority of the testator's children, one of whom is under ten years of age, cannot be distinguished from one that would authorize the executors to preserve for, or to return the estate to them at the period of the majority of the children and heirs.

"Such a disposition is indeed a fidei commissum or trust, which the law forbids. Louisiana Code, 1507 [now 1520]." Clague's Widow v. Clague's Executors, 13 La. 1.

In the Succession of Beauregard, 49 La. Ann. 1176, 22 So. 348, rendered after the decisions in the Macias and Strauss Cases were handed down, it was held that the testamentary disposition of property to a minor child, to be held by executors until the child attained majority, was null, as constituting a fidei commissum, and hence, as being in contravention of article 1520 of the Civil Code, in so far as the testator directed that executors named by him, should, as such, retain possession of the property bequeathed until the child attained majority, and a substantially similar ruling was made in the Succession of McCan, 48 La. Ann. 145, 19 So. 220.

[1] In our opinion the bequests to the grandchildren, in the case at bar, in so far as the testator directs that payment shall not be made to a grandchild until the latter acquires the rights of a major by emancipation, marriage, or by attaining majority, constitute fidei commissa or trusts, within the contemplation of article 1520 of the Civil Code, whereby the person named by the testator as executor shall hold the property in trust for each grandchild until the grandchild arrives at the age of majority or obtains by marriage or emancipation the rights of a major. Hence, if the law remained as it was when the Clague Case arose and when the opinions in the Succession of McCan and in that of Beauregard were rendered, we should feel constrained to hold that the

clause in the will, relative to when the bequests made to the testator's grandchildren should be paid, is invalid, and should be deemed as not written, for the reason that the clause, in effect, creates a trust. However, since those decisions were rendered, and prior to the making of the will in this case, the Legislature passed Act No. 107 of 1920, permitting the creation of trust estates under certain limitations. Section 1 of the act, in so far as pertinent, provides:

"That, it shall be lawful for anyone to make a donation inter vivos or mortis causa of any kind of property, and of any amount, whereby an individual or individuals or, a bank or banks * * * are designated as trustee or trustees. * * *"

Section 2 of the act grants to the donor or testator, among other rights, the privilege of prescribing the number of trustees who are to hold and administer the trust; the causes for which any trustee shall cease to hold office; the manner in which vacancies shall be filled and in which the property donated or bequeathed shall be administered; the objects to which the property donated, or a part of it, shall be applied; the right to prescribe in what manner and under what circumstances the property donated or bequeathed, or any portion of it, may be sold by the trustee, or any change made in an investment of the trust fund; and also the right to fix the duration of the trust, with the limitation, however, that its duration shall not exceed ten years, dating from the death of the donor, except when the beneficiary is a minor at the time of the death of the donor, in which event its duration may be for ten years after the minor attains majority, but no longer. The remaining sections of the act, with the exception of section 8, prescribe in what instances courts may appoint trustees; prescribe the powers, compensation, and duties of such officers; provide for their removal in case of delinquency.

And section 8, the closing section of the act, reads as follows:

"That the provisions contained in the Revised Civil Code, and the laws of this state relative to substitutions, fidei commissa, or trust dispositions, and the legitime shall not be deemed to apply to, or in any manner affect donations of the character and made in the manner provided by this act; and all laws, or parts of laws conflicting with the provisions of this act are repealed in so far as regards the purposes of this act, but not otherwise."

[2] From the foregoing it is manifest that simply because the testator has created a trust or fidei commissum in making the bequests to his grandchildren is no reason to declare the testament, to the extent that it does create a trust, invalid. The only question can be: Does the testament create a trust in the manner and of the character authorized by the act? Had the testator, in appointing his son, Edward T. Manthey, executor of his last will and testament and of his estate, expressly named him also as trustee to hold and administer the money bequeathed to each of his grandchildren, and to deliver it to them on the arrival of the time fixed in the will, there can be no question that the trust created would have been valid under the act. The testament, however, does not expressly name Edward T. Manthey, or any one else, to hold and administer, as trustee, the sums of money bequeathed to said grandchildren, during the existence of the trust, but appoints said Manthey merely as executor. It is clear, however, that the testator intended that the money bequeathed by him to his grandchildren should be administered during the existence of the trust, and it is impossible to escape the conclusion that his intention was that his son Edward T. Manthey should administer it during that period. The mere fact that the testament names Edward T. Manthey as executor only, and not also as trustee, should not be permitted to defeat the intention of the testator to create a trust to be administered by

Manthey as trustee, which it was clearly the testator's intention to create. As was said in the case of Wilbert v. Wilbert, 155 La. 197, 209, 99 So. 36, 40, when a similar question was under consideration:

"It is rather the functions to be performed by the appointee in the will than the designated name of such appointee that determines his true fiduciary character."

Here the functions to be performed by the appointee involve not only those of an executor, but also those of a trustee.

For the foregoing reasons we are of the opinion that the clause in the will under consideration is valid, and creates a trust to be administered, on the termination of the executorship, by Edward T. Manthey, as trustee.

[3] However, in rendering judgment, we are in position to disturb the judgment rendered below only in so far as it affects the minors, Robert and Frederick Brown, issue of the marriage of Rita Manthey and Frederick Brown, Sr., for the judgment was appealed from only in so far as it affects said minors; the appeal having been taken by the mother of said minors.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from in so far as it decrees that the legacies to the minors, Robert and Frederick Brown, be paid at once to the parents of said minors, and that the clause in the said testament to the contrary be deleted therefrom, be annulled and set aside, and it is now ordered that there be judgment decreeing that, upon the termination of said executorship, said Edward T. Manthey administer, as trustee, each of said bequests made to said minors, Robert and Frederick Brown, until the minor to whom the bequest was made acquires the rights of a major by emancipation, marriage, or by attaining his majority, at which time the bequest shall be paid to him; said judgment to remain undisturbed in all other respects. It is further ordered that the costs of this appeal be paid by said minors, Robert and Frederick Brown.

O'NIELL, C. J., dissents, believing that the McCan Case was a substitution; that the Wilbert Case (in which four justices now on the bench dissented) should be overruled; and that the judgment in this case ought to be affirmed.

ROGERS, J., dissents, being of the opinion that the provisions of Act 107 of 1920 are not applicable to the issue involved in this case, and that therefore the judgment appealed from should be affirmed.